Opinion
 

 TURNER, P. J.—
 

 I. Introduction
 

 On a Friday, a defendant with a 19-year record of felony and misdemeanor convictions requests to proceed in propria persona on the 58th day of the 60 days during which the case must be tried. The experienced judge is concerned that the defendant is using his right to proceed in pro se as a means to delay the trial. The defendant agrees that he will be ready for trial on the last day the case can be tried, which is the following Monday. On Friday, the judge then allows the defendant to proceed in pro se with the express understanding that the trial will proceed on the following Monday. The defendant promises to be ready to proceed on the following Monday. On the following Monday morning, the defendant announces he is not ready for trial. On the Monday morning, the defendant brings with him none of the sheriff’s reports and other legal materials he was provided on Friday that he will need for trial. On the Monday morning, the trial court vacates the defendant’s self-representation status and reappoints the deputy public defender who was ready to try the case on the preceding Friday. The defendant says nothing when his self-representation status is vacated and the deputy
 
 *624
 
 public defender is reappointed. The deputy public defender says nothing either. No objections to the Monday morning order are interposed in the trial court. The first objection to the Monday morning order revoking the defendant’s pro se status appears in an opening brief filed over seven months after the defendant is sentenced. The defendant argues that the foregoing scenario violated his rights under the United States Constitution. Do we agree? No. We do not believe the United States Constitution requires the courts of this nation to reverse criminal convictions under these circumstances.
 

 II. Procedural Background
 

 Defendant, Edgar Grant Rudd, appeals from his conviction for possession of a controlled substance. (Health & Saf. Code, § 11350, subd. (a).) He was also found to have served five prior prison terms (Pen. Code,
 
 [1]
 
 § 667.5, subd. (b)) and to have been convicted of two prior serious felonies. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) In the published portion of the opinion, we conclude: Because without explanation defendant delayed the assertion of his right to proceed in propria persona, he had no unqualified right to represent himself; he has forfeited on appeal the right to argue the trial court improperly revoked his right to represent himself because no objection was interposed to the order terminating his pro se status; because he acquiesced in the appointment of counsel, no Sixth Amendment violation occurred; and because defendant was unable to abide by rules of procedure and courtroom protocol, there has been no violation of his Sixth Amendment rights.
 

 Defendant was arrested on February 19, 1997. The preliminary examination was held on March 6, 1997. Defendant was arraigned in superior court on March 20, 1997. Trial was set to begin on May 16, 1997, a Friday. On that day, defendant made a request pursuant to
 
 People
 
 v.
 
 Marsden
 
 (1970) 2 Cal.3d 118, 123 [84 Cal.Rptr. 156, 465 P.2d 44], to substitute counsel, indicating that if his motion was denied, he would like to represent himself. Thereafter, his
 
 Marsden
 
 motion was denied. He was granted in propria persona status on the condition that he be ready for trial. Defendant agreed to that condition—he would be ready to proceed to trial on the following Monday, May 19, 1997. The trial court repeatedly reminded defendant that trial would go forward on the following Monday. The court warned defendant that he probably would not be sent to the “pro per” module at the county jail: “The fact is, this is just so close to trial, Mr. Rudd, I doubt seriously if it will happen.” The court went on: “You have to understand that—I mean, the point here is, I don’t have to let you represent yourself at this point. It’s too close to trial. The only reason I’ll do it is if you insist on doing it and if
 
 *625
 
 you understand that you are starting trial on Monday. [¶] You may not get to the pro per tank—today is Friday? You may not get to pro per tank before Monday. You may not have any access to any materials other than what we gave you here, which is the discovery. [¶] Knowing that, do you still believe you’ll be ready for trial on Monday?” Defendant answered affirmatively. The trial court then concluded: “Because that’s the only way—that’s the only way you get to do this, Mr. Rudd. You’ve got to understand that. [¶] Do you understand all that?” Defendant again responded affirmatively. Defendant assured the court that he would be prepared to go forward with the trial on Monday, May 19, 1997. Defendant did not request a continuance.
 

 On Monday, May 19, 1997, at 9:24 a.m. the cause was called for trial. The following transpired: “The Court: MA013546, Edgar Rudd, present in pro per in custody. Mr. Rudd, are you ready for trial? [¶] The Defendant: No, not right now. [¶] The Court: His pro per status is revoked. [¶] Mr. Bruckner is appointed to represent Mr. Rudd. Trial commences today. You are no longer pro per, Mr. Rudd. I told you on Friday that you had to be ready to go to trial. That is the only way pro per status would be granted. It won’t be continued.” Neither defendant nor his counsel objected to the order revoking the pro se status.
 

 III. Discussion
 

 A.
 
 Timeliness Issues
 

 Defendant argues that the trial court improperly revoked his right to represent himself at trial. In this regard, defendant argues he had an unqualified right to represent himself. A defendant has a federal constitutional right of self-representation.
 
 (Faretta
 
 v.
 
 California
 
 (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562];
 
 People
 
 v.
 
 Marshall
 
 (1996) 13 Cal.4th 799, 827 [55 Cal.Rptr.2d 347, 919 P.2d 1280];
 
 People
 
 v.
 
 Clark
 
 (1992) 3 Cal.4th 41, 98 [10 Cal.Rptr.2d 554, 833 P.2d 561];
 
 People
 
 v.
 
 Burton
 
 (1989) 48 Cal.3d 843, 852 [258 Cal.Rptr. 184, 771 P.2d 1270].) The parties dispute whether the assertion of the right to proceed without counsel was timely. We conclude, given the facts in the present case, defendant’s opportunity to proceed pro se was not an unqualified right because of his delay in seeking to represent himself. The California Supreme Court has held, “[I]n order to invoke the right he must assert it within a reasonable time before the commencement of trial.”
 
 (People
 
 v.
 
 Marshall, supra,
 
 13 Cal.4th at p. 827;
 
 People
 
 v.
 
 Clark, supra,
 
 3 Cal.4th at p. 98;
 
 People
 
 v.
 
 Burton, supra,
 
 48 Cal.3d at p. 852.) Thereafter, under California’s interpretation of
 
 Faretta,
 
 the trial court must exercise its sound discretion in granting or denying the motion based upon such factors as “the quality of counsel’s representation of the defendant, the defendant’s prior proclivity to substitute counsel, the reasons for the
 
 *626
 
 request, the length and stage of the proceedings, and the disruption or delay that might reasonably be expected to follow the granting of such a motion.”
 
 (People
 
 v.
 
 Windham
 
 (1977) 19 Cal.3d 121, 128 [137 Cal.Rptr. 8, 560 P.2d 1187].) When California Supreme Court authority has been applied, motions for self-representation made on the day preceding or on the trial date have been considered untimely.
 
 (People
 
 v.
 
 Burton, supra,
 
 48 Cal.3d at p. 852;
 
 People
 
 v.
 
 Moore
 
 (1988) 47 Cal.3d 63, 79-81 [252 Cal.Rptr. 494, 762 P.2d 1218];
 
 People
 
 v.
 
 Douglas
 
 (1995) 36 Cal.App.4th 1681, 1689 [43 Cal.Rptr.2d 129].) Moreover, if it appears that the defendant’s request for self-representation is merely a tactic designed to cause delay, the trial court has the discretion to deny the request to proceed pro se.
 
 (Jackson
 
 v.
 
 Ylst
 
 (9th Cir. 1990) 921 F.2d 882, 888;
 
 U.S.
 
 v.
 
 Flewitt
 
 (9th Cir. 1989) 874 F.2d 669, 674-675.) In the present case, the trial judge acted within the allowable scope of judicial discretion in permitting defendant to proceed pro se under California’s analysis of the
 
 Faretta
 
 timeliness rule. Here, as in
 
 People
 
 v.
 
 Clark, supra,
 
 3 Cal.4th at page 110, the
 
 Faretta
 
 motion was granted only after defendant expressly represented he was able to proceed without a continuance. Defendant prepared a petition to proceed in propria persona, which included the acknowledgment: “I understand that the Judge may terminate my right to self-representation in the event that I engage in serious misconduct or obstruct the conduct and progress of the trial.” Given the lateness of his request which was within days prior to trial, the trial court could have denied defendant’s request to represent himself as untimely.
 
 (Moore
 
 v.
 
 Calderon
 
 (9th Cir. 1997) 108 F.3d 261, 264-265;
 
 People
 
 v.
 
 Burton, supra,
 
 48 Cal.3d at p. 852;
 
 People
 
 v.
 
 Moore, supra,
 
 47 Cal.3d at pp. 79-81;
 
 People
 
 v.
 
 Douglas, supra,
 
 36 Cal.App.4th at p. 1689.) There was no unqualified right to self-representation under the California interpretation of
 
 Faretta.
 

 Complicating the matter for California trial judges, though, is that when this state’s criminal judgments are subject to federal habeas corpus review, the timeliness issue in terms of the unqualified right
 
 [2]
 
 to proceed without counsel is different from that discussed in the immediately preceding paragraph. For years, the Ninth Circuit Court of Appeals had applied a “bright line” rule to timeliness questions concerning self-representation requests which was articulated in
 
 Maxwell
 
 v.
 
 Sumner
 
 (9th Cir. 1982) 673 F.2d 1031,
 
 *627
 
 1036, and its progeny. The Ninth Circuit rule was that a request to proceed pro se was timely if made prior to the conclusion of jury selection, the time when the impanelment process has been completed, and not interposed for purposes of delay. In
 
 Moore
 
 v.
 
 Calderon, supra,
 
 108 F.3d at page 264, the Ninth Circuit described its
 
 Faretta
 
 timeliness constitutional jurisprudence as follows: “In
 
 Faretta
 
 . . . , the Supreme Court held that the Sixth Amendment right to assistance of counsel included a right to represent oneself. Our court has since added a gloss to
 
 Faretta
 
 establishing a bright-line rule for the timeliness of
 
 Faretta
 
 requests: a request is timely if made before the jury is empaneled, unless it is shown to be a tactic to secure delay.
 
 Savage v. Estelle,
 
 924 F.2d 1459, 1463 n. 7 (9th Cir.[1990]),
 
 cert, denied,
 
 501 U.S. 1255 . . . (1991);
 
 United States
 
 v.
 
 Smith,
 
 780 F.2d 810, 811 (9th Cir.1986);
 
 Armant v. Marquez,
 
 772 F.2d 552, 555-56 (9th Cir. 1985),
 
 cert, denied,
 
 475 U.S. 1099 . . . (1986);
 
 Fritz v. Spalding,
 
 682 F.2d 782, 784 (9th Cir.1982).” (Original italics, fn. omitted.) This clear, bright line standard applied to the timeliness of
 
 Faretta
 
 requests in terms of the unqualified right to proceed in propria persona when California criminal judgments were subject to federal habeas corpus review.
 
 (Ibid.,
 
 citing
 
 Armant
 
 v.
 
 Marquez
 
 (9th Cir. 1985) 772 F.2d 552, 558; and
 
 Maxwell
 
 v.
 
 Sumner, supra, 613
 
 F.2d at p. 1036.)
 

 However, in
 
 Moore,
 
 the court recognized that the congressional adoption of and approval by President William Jefferson Clinton of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub.L. No. 104-132, § 104, 110 Stat. 1218) altered the Ninth Circuit “gloss” that had been “added” to
 
 Faretta
 
 in federal habeas corpus cases.
 
 (Moore
 
 v.
 
 Calderon, supra,
 
 108 F.3d at p. 264) In
 
 Moore,
 
 the Ninth Circuit held: “Section 2254(d), as amended, prohibits issuing the writ unless the State court decision ‘was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.’ 28 U.S.C. § 2254(d)(1). A state court decision may not be overturned on habeas review, for example, because of a conflict with Ninth Circuit-based law, but rather a writ may issue only when the state court decision is ‘contrary to, or involved an unreasonable application of,’ an authoritative decision of the Supreme Court.
 
 Childress
 
 v.
 
 Johnson,
 
 103 F.3d 1221, 1224-26 (5th Cir.1997);
 
 Devin v. DeTella,
 
 101 F.3d 1206, 1208 (7th Cir.1996);
 
 see Baylor v. Estelle,
 
 94 F.3d 1321, 1325 (9th Cir.1996).”
 
 (Moore
 
 v.
 
 Calderon, supra,
 
 108 F.3d at p. 264.) In
 
 Moore,
 
 the Ninth Circuit panel then evaluated the timeliness requirement as discussed in
 
 Faretta.
 
 The
 
 Moore
 
 court held: “In
 
 Faretta,
 
 the Court twice described the timing of Faretta’s request to represent himself: it was made ‘weeks before trial,’ 422 U.S. at 835, 95 S.Ct. at 2541, and ‘well before the date of trial,’
 
 id.
 
 at 807 .... The Court’s acknowledgment of the timing of Faretta’s request was neither a recitation of the background facts of the case nor
 
 obiter dictum-,
 
 instead, it is mentioned
 
 *628
 
 not only in the opening paragraphs, but also in the very breath with which the Court announced its decision.
 
 Id.
 
 at 835 . . . . It is properly considered necessary to the Court’s decision, and therefore is a holding of the Court. [Citation.]”
 
 (Moore
 
 v.
 
 Calderon, supra,
 
 108 F.3d at p. 265.) The
 
 Moore
 
 court concluded that when the Antiterrorism and Effective Death Penalty Act was applied in that case, since the state prisoner’s request to proceed in propria persona was made “weeks” prior to trial, under the
 
 Faretta
 
 timeliness standard, the self-representation motion was timely. The material change in the Ninth Circuit approach though that resulted from adoption of the Anti-terrorism and Effective Death Penalty Act was the “bright line”
 
 (id.
 
 at p. 264) “ ‘jury empanelment’ ”
 
 (ibid.)
 
 timeliness test was replaced with the “ ‘weeks before trial,’ . . . and ‘well before the date of trial,’ ” standard
 
 (id.
 
 at p. 265) for determining if the self-representation request prior to a state court trial was timely in the federal habeas corpus context. Hence, the Ninth Circuit
 
 Faretta
 
 timeliness test in terms of the unqualified right to proceed pro se has undergone change with the adoption of the Antiterrorism and Effective Death Penalty Act. Under the new Ninth Circuit standard, the belated nature of the self-representation request in this case meant defendant had no unqualified right to proceed in pro se. Rather, because there was no unqualified self-representation privilege, the issue of whether to allow defendant to proceed pro se was one of discretion—not an absolute right.
 
 (United States
 
 v.
 
 Smith
 
 (9th Cir. 1986) 780 F.2d 810, 811;
 
 United States
 
 v.
 
 Lawrence, supra,
 
 605 F.2d at p. 1325, fn. 2.) No timeliness issues raised by the parties require reversal.
 

 B.
 
 Defendant Has Waived the Right to Raise the Issue of the Correctness of the May 19, 1997, Order Revoking His Pro Se Status
 

 We conclude that defendant has waived his objection raised for the first time on appeal to the May 19, 1997, order revoking his pro se status. The California Supreme Court has repeatedly held that constitutional objections must be interposed before the trial judge in order to preserve such contentions for appeal.
 
 (People
 
 v.
 
 Williams
 
 (1997) 16 Cal.4th 153, 250 [66 Cal.Rptr.2d 123, 940 P.2d 710] [objection that admission of gang paraphernalia violated defendant’s associational rights under the First and Fourteenth Amendments waived when not presented in trial court];
 
 People
 
 v.
 
 Padilla
 
 (1995) 11 Cal.4th 891, 971 [47 Cal.Rptr.2d 426, 906 P.2d 388] [failure to request a particular instruction where there is no sua sponte duty to instruct waived due process contention];
 
 People
 
 v.
 
 Rodrigues
 
 (1994) 8 Cal.4th 1060, 1116, fn. 20 [36 Cal.Rptr.2d 235, 885 P.2d 1] [the defendant’s federal constitutional due process, fair trial, reliable guilt determination claims concerning the admissibility of a videotape waived in a capital case when they were not interposed in the trial court];
 
 People
 
 v.
 
 Garceau
 
 (1993) 6
 
 *629
 
 Cal.4th 140, 173 [24 Cal.Rptr.2d 664, 862 P.2d 664] [Sixth and Fourteenth Amendment claims to a fair trial and equal protection in connection with jury selection waived when not presented in trial court];
 
 People
 
 v.
 
 McPeters
 
 (1992) 2 Cal.4th 1148, 1174 [9 Cal.Rptr.2d 834, 832 P.2d 146] [Sixth Amendment discriminatory juror selection issue waived when not presented in trial court];
 
 People
 
 v.
 
 Ashmus
 
 (1991) 54 Cal.3d 932, 972-973, fn. 10 [2 Cal.Rptr.2d 112, 820 P.2d 214] [Fifth, Eighth, and Fourteenth Amendment self-incrimination, cruel and unusual punishment, and due process claims respectively waived by failure to interpose them in trial court].) The reason for these rules has been articulated by the California Supreme Court as follows: “ ‘An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not, presented to the lower court by some appropriate method .... The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver .... Often, however, the explanation is simply that it is
 
 unfair to the trial judge and to the adverse party
 
 to take advantage of an error on appeal when it could easily have been corrected at the trial.’ ”
 
 (Doers
 
 v.
 
 Golden Gate Bridge etc. Dist.
 
 (1979) 23 Cal.3d 180, 184-185, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261], italics in
 
 Doers.)
 
 “ ‘The purpose of the general doctrine of waiver is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had ....’”
 
 (People
 
 v.
 
 Walker
 
 (1991) 54 Cal.3d 1013, 1023 [1 Cal.Rptr.2d 902, 819 P.2d 861].) “ ‘ “No procedural principle is more familiar to this Court than that a constitutional right,” or a right of any other sort, “may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.” [Citation.]’
 
 (United States
 
 v.
 
 Olano
 
 (1993) [507 U.S. 725, 731 [113 S.Ct. 1770, 123 L.Ed.2d 508]].)”
 
 (People
 
 v.
 
 Saunders
 
 (1993) 5 Cal.4th 580, 589-590 [20 Cal.Rptr.2d 638, 853 P.2d 1093], fn. omitted.)
 

 These well-established rules of California waiver and objection practice articulated by the Supreme Court have application here. Defendant is not contending that there was any error in connection with the determination to permit him to proceed in pro se on May 16, 1997. He certainly preserved his initial request to proceed in pro se by requesting such. Rather, he is contending that the revocation of that right on May 19, 1997, was in error. In terms of the order made on May 19, 1997, revoking his pro per status, no timely objection was ever interposed in the trial court.
 

 Other courts have held that an absence of objection by a pro se defendant to participation by counsel waives any Sixth Amendment issue in terms of either a direct or collateral attack on the judgment.
 
 {Hodge
 
 v.
 
 Henderson
 
 (2d
 
 *630
 
 Cir. 1991) 929 F.2d 61, 62 [adopts reasoning of district court in
 
 Hodge
 
 v.
 
 Henderson
 
 (S.D.N.Y. 1990) 761 F.Supp. 993, 1003, that
 
 Faretta
 
 right forfeited by defendant’s failure to bring the request to proceed in pro se to the attention of the state trial judge];
 
 U.S.
 
 v.
 
 Mills
 
 (2d Cir. 1990) 895 F.2d 897, 904 [absence of objection by pro se defendant to side bar conferences];
 
 Brown
 
 v.
 
 Wainwright
 
 (5th Cir. 1982) 665 F.2d 607, 611 [“waiver [of the
 
 Faretta
 
 right] may be found if it reasonably appears to the court that defendant has abandoned his initial request to represent himself.”];
 
 Snowden
 
 v.
 
 State
 
 (Del. 1996) 672 A.2d 1017, 1022, fn. 3 [standby counsel participated in sidebar conferences];
 
 People
 
 v.
 
 Kenner
 
 (1990) 223 Cal.App.3d 56, 62 [272 Cal.Rptr. 551] [defendant asked for a hearing in order to assert his self-representation right and then neglected to mention his request later];
 
 People
 
 v.
 
 Cain
 
 (1988) 171 Ill.App.3d 468 [121 Ill.Dec. 887, 525 N.E.2d 1194, 1197] [defendant waived his right to self-representation by acquiescing in subsequent appointment of private counsel];
 
 State
 
 v.
 
 Halverson
 
 (Minn.Ct.App. 1986) 381 N.W.2d 40, 44
 
 [Faretta
 
 right waived by failure to object after equivocal reference was made to self-representation desire].) Hence, the Sixth and Fourteenth Amendment arguments presented by defendant for the first time on appeal have all been waived.
 

 C.
 
 Because Defendant Acquiesced in the Order of May 19, 1997, No Sixth Amendment Violation Occurred
 

 Apart from the issue of waiver, no Sixth Amendment violation occurred because defendant acquiesced in representation by defense counsel given the holdings of
 
 Faretta
 
 and
 
 McKaskle
 
 v.
 
 Wiggins
 
 (1984) 465 U.S. 168, 173-174 [104 S.Ct. 944, 948-949, 79 L.Ed.2d 122]. In
 
 Faretta,
 
 the United States Supreme Court expressly provided that if the accused acquiesced in the assignment of counsel, there was no Sixth Amendment violation. The
 
 Faretta
 
 court held: “To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists. It is true that when a defendant chooses to have a lawyer manage and present his case, law and tradition may allocate to the counsel the power to make binding decisions of trial strategy in many areas. Cf.
 
 Henry
 
 v.
 
 Mississippi
 
 [(1965)] 379 U.S. 443, 451 [85 S.Ct. 564, 569, 13 L.Ed.2d 408];
 
 Brookhart
 
 v.
 
 Janis
 
 [(1966)] 384 U.S. 1, 7-8 [86 S.Ct. 1245, 1248-1249, 16 L.Ed.2d 314];
 
 Fay
 
 v.
 
 Noia
 
 [(1963)] 372 U.S. 391, 439 [83 S.Ct. 822, 849, 9 L.Ed.2d 837], This allocation can only be justified, however, by the defendant’s consent, at the outset, to accept counsel as his representative. An unwanted counsel ‘represents’ the defendant only through a tenuous and unacceptable legal fiction.
 
 Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very
 
 
 *631
 

 real sense, it is not his
 
 defense.”
 
 (Faretta
 
 v.
 
 California, supra,
 
 422 U.S. at pp. 820-821 [95 S.Ct. at pp. 2533-2534], italics added and fn. omitted.)
 

 The foregoing language in
 
 Faretta
 
 was reiterated in
 
 McKaskle
 
 v.
 
 Wiggins, supra,
 
 465 U.S. at pages 173-174 [104 S.Ct. at pages 948-949], a case involving midtrial participation in the pro se accused’s defense by standby counsel. The United States Supreme Court modified the language in
 
 Faretta
 
 set forth in the immediately preceding paragraph with the indicated second set of bracketed modifications: “ ‘[U]nless the accused has acquiesced in [representation through counsel], the defense presented is not the defense guaranteed him by the Constitution .....’ ”
 
 (Ibid.)
 
 In
 
 McKaskle,
 
 the defendant acquiesced in the participation of standby counsel in parts of the trial. As to the portions of the proceedings where the defendant objected to standby counsel’s participation, the trial judge sustained those objections. Because the accused did not object to counsel’s participation in other respects, the United States Supreme Court found there was no violation of the Sixth Amendment self-representation right.
 
 (Id.
 
 at pp. 176-185 [104 S.Ct. at pp. 949-955].) Further,
 
 McKaskle
 
 held that a
 
 Faretta
 
 right to appear in propria persona can be waived.
 
 (Id.
 
 at p. 182 [104 S.Ct. at p. 953].)
 

 To sum up,
 
 Faretta
 
 and
 
 McKaskle
 
 hold that the Sixth Amendment self-representation right does not exist when a defendant prior to or during trial acquiesces in the assignment or participation of counsel in the defense.
 
 (McKaskle
 
 v.
 
 Wiggins, supra,
 
 465 U.S. at p. 173 [104 S.Ct. at p. 948];
 
 Faretta
 
 v.
 
 California, supra,
 
 422 U.S. at p. 821 [95 S.Ct. at p. 2534].) Further, although it does not address the precise factual situation present in this case,
 
 McKaskle
 
 holds that under certain circumstances waiver or forfeiture of the self-representation right can occur simply when no objection is interposed.
 
 (McKaskle
 
 v.
 
 Wiggins, supra,
 
 465 U.S. at p. 182 [104 S.Ct. at p. 953].) In the present case, no Sixth Amendment violation occurred because of defendant’s acquiescence in the assignment of counsel on May 19, 1997.
 

 D.
 
 Because Defendant Did Not Abide by Rules of Courtroom Procedure and Protocol, No Sixth Amendment Violation Occurred
 

 Two United States Supreme Court decisions have identified circumstances where a trial judge who has granted pro per status may later withdraw it. In
 
 Faretta,
 
 the Supreme Court held: “Moreover, the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct. [Citation.] . . . [¶] The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.”
 
 (Faretta
 
 v.
 
 California, supra,
 
 422 U.S. at pp. 834-835, fn. 46 [95 S.Ct. at p. 2541].) In
 
 McKaskle
 
 v.
 
 Wiggins, supra,
 
 465 U.S. at page
 
 *632
 
 173 [104 S.Ct. at page 948], a case in which the defendant was appearing in pro se and counsel also participated in the proceedings, the United States Supreme Court held that a self-representation right could be denied if the accused is not “able and willing to abide by rules of procedure and courtroom protocol.” In
 
 Savage
 
 v.
 
 Estelle
 
 (9th Cir. 1990) 924 F.2d 1459, 1463, citing
 
 McKaskle,
 
 the Ninth Circuit concluded that the state court judge’s refusal to reinstate pro se status was justified because the defendant had been “unable” to abide by “ ‘rules of procedure and courtroom protocol.’ ” The Ninth Circuit has recognized that
 
 McKaskle
 
 v.
 
 Wiggins, supra,
 
 463 U.S. at page 173 [104 S.Ct. at page 948], added the requirement that the defendant be able to abide by “rules of procedure and courtroom protocol” to the
 
 Faretta
 
 standards for determining the extent of the Sixth Amendment self-representation right.
 
 (Peters
 
 v.
 
 Gunn
 
 (9th Cir. 1994) 33 F.3d 1190, 1192;
 
 Savage
 
 v.
 
 Estelle, supra,
 
 924 F.2d at p. 1466.)
 

 In the present case, under either the
 
 Faretta
 
 “deliberately engages in serious and obstructionist misconduct” or the
 
 McKaskle
 
 “not ‘able and willing to abide by rules of procedure and courtroom protocol’ ” standards, the trial court did not violate defendant’s self-representation right under the Sixth Amendment. As noted previously, defendant was arrested on February 19, 1997, arraigned in superior court on March 20, 1997, and did not request pro se status until day 58 of the 60-day time period during which the trial must commence pursuant to section 1382, subdivision (a). He had been represented by the same attorney at the March 6, 1997, preliminary hearing and throughout those 58 days. His request to proceed pro se was made on a Friday. He was cautioned concerning the necessity of being ready for trial on the following Monday morning. He promised to be ready to try the case. However, on the following Monday morning, defendant appeared in court unready for trial. Defendant was so unconcerned about complying with his promise to be ready that he did not bring any sheriff’s reports or other legal materials with him so the matter could proceed to trial as
 
 he
 
 promised the preceding Friday. We find the foregoing to be “serious and obstructionist misconduct” within the meaning of
 
 Faretta
 
 and also an inability or unwillingness to “abide by rules of procedure and courtroom protocol” as that phrase is used in
 
 McKaskle.
 
 (E.g.,
 
 People
 
 v.
 
 Clark, supra,
 
 3 Cal.4th at pp. 113-117.)
 

 We recognize we are addressing an issue in somewhat uncharted constitutional waters. The United States Supreme Court has never addressed the question of whether misconduct by a defendant such as occurred here, on the day of trial, constitutes sufficient grounds to revoke the self-representation right. We reach our conclusion in this regard in the context of a defendant who, because of the belated nature of his self-representation request, had no unqualified right to proceed pro se. We do not address the effect of a
 
 *633
 
 scenario where a timely request to proceed pro se created an unqualified right of self-representation, assuming the accused was competent, to waive the right to counsel. However, no case of which we are aware involves such a level of misconduct by a pro se defendant on the day of trial. The accused promised to be ready for trial. He then appeared in court three days later on a Monday morning, which was the last day the case could be tried. He appeared without any trial materials and announced an unreadiness to proceed as promised. California courts have characterized similar courses of conduct as the “
 
 ''Faretta
 
 game.’ ”
 
 (People
 
 v.
 
 Marshall
 
 (1997) 15 Cal.4th 1, 22 [61 Cal.Rptr.2d 84, 931 P.2d 262];
 
 People
 
 v.
 
 Horton
 
 (1995) 11 Cal.4th 1068, 1110-1111 [47 Cal.Rptr.2d 516, 906 P.2d 478];
 
 People
 
 v.
 
 Wilder
 
 (1995) 35 Cal.App.4th 489, 503 [41 Cal.Rptr.2d 463];
 
 People
 
 v.
 
 Rivers
 
 (1993) 20 Cal.App.4th 1040, 1049 [25 Cal.Rptr.2d 602];
 
 People
 
 v.
 
 White
 
 (1992) 9 Cal.App.4th 1062, 1075 [12 Cal.Rptr.2d 122];
 
 People
 
 v.
 
 Williams
 
 (1990) 220 Cal.App.3d 1165, 1170 [269 Cal.Rptr. 705];
 
 People
 
 v.
 
 Lopez
 
 (1981) 116 Cal.App.3d 882, 889-890 [172 Cal.Rptr. 374].) The duplicity and dishonesty present in this case on defendant’s part on the day of trial amount to an obstruction of justice to the degree that the United States Constitution is not violated by the order revoking the self-representation right. To reach any other conclusion concerning such conduct on the day of trial, would be to demean the Constitution and the principles of justice for which it stands.
 
 [3]
 

 E.
 
 Unpublished
 
 Discussion
 
 *
 

 The judgment is affirmed.
 

 Grignon, J., and Godoy Perez, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied August 12, 1998.
 

 [1]
 

 All further statutory references are to the Penal Code unless otherwise indicated.
 

 [2]
 

 We refer to the unqualified right to proceed in pro se in terms of the timeliness of the assertion of the right to act as one’s own counsel. The Fourth Circuit has used the terminology “unqualified” right when referring to the timeliness element of a request to proceed pro se.
 
 (United States
 
 v.
 
 Lawrence
 
 (4th Cir. 1979) 605 F.2d 1321, 1325, fn. 2.) Obviously, there are additional requirements including the accused must be competent to waive the right to counsel.
 
 (Godinez
 
 v.
 
 Moran
 
 (1993) 509 U.S. 389, 399 [113 S.Ct. 2680, 2686-2687, 125 L.Ed.2d 321];
 
 Faretta
 
 v.
 
 California, supra,
 
 422 U.S. at p. 835 [95 S.Ct. at p. 2541].) The body of the opinion discusses the timeliness issue as well as other requirements that must be met for the pro se right to be lawfully exercised.
 

 [3]
 

 We have concluded on alternative grounds that no Sixth Amendment violation has occurred which may be asserted as a ground for reversal. We have specifically utilized alternative grounds and do not intend that any of our views be construed as obiter dictum.
 
 (Bank of Italy etc. Assn.
 
 v.
 
 Bentley
 
 (1933) 217 Cal. 644, 650 [20 P.2d 940];
 
 King
 
 v.
 
 Pauly
 
 (1911) 159 Cal. 549, 554 [115 P. 210];
 
 Wolfe
 
 v.
 
 Dublin Unified School Dist.
 
 (1997) 56 Cal.App.4th 126, 134 [65 Cal.Rptr.2d 280];
 
 Fire Ins. Exchange
 
 v.
 
 Abbott
 
 (1988) 204 Cal.App.3d 1012, 1022 [251 Cal.Rptr. 620].)
 

 *
 

 See footnote,
 
 ante,
 
 page 620.