Kenneth GIBBS, Petitioner–Appellant,

v.

Robert L. AYERS, Warden, Respondent–Appellee.

No. 01–57221.

D.C. No. CV–00–06349–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

California state prisoner Kenneth Gibbs appeals the district court's denial of his 28 U.S.C. § 2254 petition. Gibbs contends that his Sixth Amendment right to counsel was violated when the California trial court denied his motion for self-representation. We have jurisdiction pursuant to 28 U.S.C. § 2253 and affirm.

Under California law, a request to represent oneself must be made within a reasonable time before the commencement of trial and requests made after that period are addressed to the sound discretion of the trial court. *People v. Rudd,* 63 Cal. App.4th 620, 73 Cal.Rptr.2d 807, 809–10 (Ct.App.1998). The California Court of Appeal determined that the trial court did

not err in finding that Gibbs' request to represent himself, made on the first day of trial immediately proceeding jury selection, was untimely. Because the Supreme Court has yet to address the issue of when a defendant must make a request to represent himself, we cannot say that the California courts' determination was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (holding that the Sixth Amendment gives a criminal defendant the right to represent himself yet not offering any guidance as to what constitutes a timely request for self-representation).

AFFIRMED.[1]

---

1. Gibbs' "Petition for Rehearing" of his Motion to Broaden the COA is denied. *See* 9th Cir. R. 27–10.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.