Filed 7/29/14  P. v. Moreno CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARMANDO MORENO,<br><br>    Defendant and Appellant. | B250755<br><br>(Los Angeles County Super. Ct.<br> No. LA073798) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Susan M. Speer, Judge.  Affirmed.

Jeffrey Lewis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Timothy M. Weiner, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Armando Moreno appeals from a judgment after a jury convicted him of possession for sale of methamphetamine in violation of Health and Safety Code section 11378. Defendant contends his motion for self-representation under *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*) was timely, and even if it was untimely, the trial court did not properly inquire into the reasons for his request before denying it. We hold that defendant's *Faretta* motion was untimely, the court did not abuse its discretion by denying the motion, and affirm the judgment.

## PROCEDURAL HISTORY[1]

On May 8, 2013, defendant was charged with possession for sale of methamphetamine in violation of Health and Safety Code section 11378. Defendant appeared before the court four times prior to trial. On the first day of trial, before prospective jurors were called, the court inquired, "You had something you wanted to tell the Court." The following exchange occurred:

"[Defendant]: I want to go pro per for the reason he's not helping me. He's going to throw me in the fire for what's going on, you know. I've had a few arguments with him.

"[The Court]: Hold on. Are you asking for a new lawyer or go pro per?

"[Defendant]: I want to go pro per.

"[The Court]: Are you ready to proceed – –

"[Defendant]: Yes.

"[The Court]: – – With trial today?

"[Defendant]: No.

---

[1] We need not set forth the trial testimony, as defendant makes no contention regarding the conduct of the trial or the sufficiency of the evidence to support his conviction.

"[The Court]:  Well then – –

"[Defendant]:  He doesn't give me no paperwork.  Nothing.  He don't tell me what's going on.

"[The Court]:  Your request is untimely.  The jury is coming up.  This is [the] day of trial.

"[Defendant]:  I want to go pro per and . . . I can't go with him.  He's basically throwing me in the fire.

"[The Court]:  You can conduct a *Marsden* hearing if you want.

"[Defendant]:  Give me one of those.

The prosecutor left the courtroom.  A hearing was held on defendant's request for new counsel under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). The court questioned defendant about his reasons for the hearing as follows:

"[The Court]:  Tell me in detail why you're requesting that [defense counsel] be removed as your attorney of record.

"[Defendant]:  In the beginning when I first met him he was accusing me, came at me strong, you know, and basically telling me, oh, you're going to get time, you know, for what?  You don't even know me.  You haven't got to know me.  I asked him to do, to get the things fingerprinted so they could see my fingerprints are not on there and the person that put it in my room their prints are on there.  And still get, we didn't click together.  And all of a sudden he goes to get a video conference, oh, sorry for coming at you like that, you know.  And I asked him to do some things and basically not even doing them.

"[The Court]:  What specifically do you want him to do?"

The court listened to defendant's explanation of why he wanted to replace his counsel and asked him several times to elaborate.  The court asked defense counsel to respond and inquired about the effect of defendant's requests on the defense case.  At the conclusion of the exchange, the court asked, "Does that sum it up, Mr. Moreno?" Defendant again requested to represent himself:

"[Defendant]:  I want to go pro per.  I want to represent myself.

3

"[Court]: [I'll let] you go pro per if you're ready to go to trial.

"[Defendant]: I'm not ready. I haven't looked at the stuff. None of that. He hasn't given me any paperwork. Nothing.

"[Court]: Your request, therefore, is untimely and denied.

The court denied the *Marsden* motion after finding that defense counsel had properly represented defendant and would continue to do so. Trial began on July 10, 2013, and after a three-day jury trial, defendant was found guilty.

## DISCUSSION

Defendant contends the trial court violated his constitutional right of self-representation when it denied his *Faretta* motion. Specifically, he contends his motion was timely, or if it was untimely, the court abused its discretion by failing to carry out a proper analysis of his request. We disagree with these contentions.

A defendant has a federal constitutional right to self-representation. (*Faretta, supra,* 422 U.S. at pp. 835-836.) However, a *Faretta* motion must be made "within a reasonable time prior to the commencement of trial." (*People v. Windham* (1977) 19 Cal.3d 121, 127-128 (*Windham*), fn. omitted.) When a *Faretta* motion is made unjustifiably late, the right to self-representation is no longer constitutionally protected, and the trial court is not required to state reasons for its denial. (*Id*. at p. 129, fn. 6.) If a defendant makes an untimely motion of self-representation, resolution of the motions is left to the sound discretion of the trial court. (*People v. Horton* (1995) 11 Cal.4th 1068, 1110.)

"'[A] defendant should not be permitted to wait until the day preceding trial before he moves to represent himself and requests a continuance in order to prepare for trial without some showing of reasonable cause for the lateness of the request.'" (*People v. Valdez* (2004) 32 Cal.4th 73, 101-103 (*Valdez*); citing *Windham*, *supra*, 19 Cal.3d at p. 128, fn 5.) This requirement serves to prevent defendants from attempting to cause unwarrantable delay of trial. (*People v. Burton* (1989) 48 Cal.3d 843, 852 (*Burton*).)

4

Defendant asserts that his motion was timely under federal law.  (See, e.g., *Moore v. Calderon* (9th Cir. 1997) 108 F.3d 261, 264 [request timely if made before jury impaneled unless used as delay tactic].)  The California Supreme Court, however, has specifically rejected application of the federal test in state courts. (*People v. Clark* (1992) 3 Cal.4th 41, 99 (*Clark*), disapproved on another ground in *People v. Edwards* (2013) 57 Cal.4th 658, 704; *Burton, supra,* 48 Cal.3d at pp. 853-854; see *People v. Avena* (1996) 13 Cal.4th 394, 431 [even on federal questions, California courts are not bound by decisions of federal appellate courts].)  We are bound by our state high court's holding and apply California law to determine the timeliness of defendant's motion.  (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455-456.)

Under California law, a motion for self-represention must be made within a reasonable time before commencement of trial in order to be timely.  (*Burton, supra*, 48 Cal.3d at p. 852; *Clark, supra*, 3 Cal.4th at p. 98.)  The trial court looks to the circumstances at the time of the motion when determining timeliness.  (*People v. Marshall* (1997) 15 Cal.4th 1, 24, fn. 2; *People v. Moore* (1988) 47 Cal.3d 63, 80.)  There is no bright-line test delineating when a pretrial *Faretta* motion is considered untimely.  A *Faretta* motion generally is untimely if made on the "eve of trial."  (*Clark, supra*, at p. 100; *People v. Howze* (2001) 85 Cal.App.4th 1380, 1397 (*Howze*).)

Defendant requested to represent himself on the day his trial was scheduled to begin, after multiple appearances and after the parties had announced they were ready for trial.  Defendant had appeared before the court four times prior to the first day of trial, but did not offer any reason for failing to make his motion earlier.  The trial court had discretion to deny defendant's *Faretta* motion as untimely, since defendant's trial was imminent.  (*Clark, supra*, 3 Cal.4th at p. 99 [motion made three days after trial continued on day-to-day basis]; *People v. Frierson* (1991) 53 Cal.3d 730, 742; *Howze, supra*, 85 Cal.App.4th at pp. 1390-1391 [self-representation sought two days before trial]; *People v. Scott* (2001) 91 Cal.App.4th 1197, 1204 [*Faretta* motion made four days before trial]; *People v. Hill* (1983) 148 Cal.App.3d 744, 757 [request made five days before trial]; *People v. Ruiz* (1983) 142 Cal.App.3d 780, 791 [request made three days before

scheduled trial].)  "When California Supreme Court authority has been applied, motions for self-representation made on the day preceding or on the trial date have been considered untimely.  [Citations.]"  (*People v. Rudd* (1998) 63 Cal.App.4th 620, 626.)

Defendant also contends the trial court did not make an adequate inquiry into his reasons for the motion.  In *Windham*, the California Supreme Court set out factors for the trial court to consider in exercising its discretion on a motion for self-representation, including:  (1) the quality of counsel's representation; (2) the defendant's prior proclivity to substitute counsel; (3) the reasons for the request; (4) the length and stage of the proceedings; and (5) the disruption or delay which might reasonably result if the motion is granted.  (*Windham, supra*, 19 Cal.3d at p. 128.)

The trial court's ruling was not an abuse of discretion.  The trial court conducted a thorough inquiry in response to defendant's *Marsden* motion.  The court found that defendant had made no prior requests to substitute counsel, and asked defendant several questions to understand his dissatisfaction with his counsel and the reasons for his request to represent himself.  The court determined that defense counsel was performing his duties satisfactorily and expected that competent representation would continue. Defendant's motion on the day of trial, when jurors were on their way to the courtroom, would have resulted in a delay of the trial.  At the conclusion of the hearing, defendant requested again to discharge his counsel and represent himself.  He informed the court that he was not ready for trial and would require a continuance, whereas the prosecutor and defense counsel announced they were ready to proceed.  A trial court does not abuse its discretion in denying a self-representation request on the eve of trial if counsel was ready to proceed, but defendant required a continuance for preparation.  (*Valdez, supra,* 32 Cal.4th 73, at pp. 101-103.)

**DISPOSITION**

The judgment is affirmed.


KRIEGLER, J.

We concur:


TURNER, P. J.


MINK, J.[*]

---

[*] Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.