Filed 11/17/15  P. v. Price CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B257138 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA130337) |
| v. | |
| ASHLEY LUTHER PRICE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Katharine Eileen Greenebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, William H. Shin and Wyatt Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

A jury convicted Ashley Luther Price of attempted kidnapping and carjacking. He appeals, arguing that the trial court abused its discretion when it revoked his propria person status before trial and failed to reinstate that status after trial. We affirm.

## BACKGROUND

An information charged Price with two counts of attempted kidnapping to commit rape (Pen. Code,[1] §§ 209, subd. (b)(1), 664), one count of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), one count of carjacking (§ 215, subd. (a)), and one count of second degree robbery (§ 211). The information alleged that Price had one prior conviction of a serious and violent felony, one prior conviction of a serious felony, and one prior conviction for which a prison term was served.

At the preliminary hearing, Price was represented by the alternate public defender (hereinafter, counsel). Price stated he had a private lawyer and was not ready. Price's counsel explained that a private lawyer had indicated he wanted to substitute in, but the substitution motion had been denied as had a motion to continue the preliminary hearing. Counsel had represented Price at the preliminary hearing.

Price pleaded not guilty and denied the allegations at his arraignment on December 10, 2013. Price's counsel informed the court that the private defense lawyer had told counsel that the retainer had not been paid and wanted the arraignment continued. Price stated he was not ready to move forward with current counsel. The court conducted a hearing under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), denied the *Marsden* motion, and set a further pretrial date.

At the next pretrial hearing on March 3, 2014, counsel informed the court he had more investigation to finish and wanted a continuance; the court granted the motion. Price asked to address the court, stated he had a complaint against counsel, and the court conducted another *Marsden* hearing. When the court denied the *Marsden* motion, Price stated he wanted to represent himself with cocounsel. The court denied the request to appoint cocounsel and advised Price that although he had a constitutional right to self-

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

representation, the case was complicated and the court recommended he not represent himself. Price withdrew his request, saying he needed time to think about it.

At a hearing on March 25, 2014, Price repeated that he wanted to invoke his constitutional right to represent himself under *Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562] (*Faretta*), claiming his counsel was doing no investigation. The court examined Price regarding his ability to represent himself when trial began in two weeks. Saying, "I think this is not a good move on your part and it better not be a delay tactic," the court granted the *Faretta* motion and continued trial for an additional two weeks. Price requested all discovery. The prosecutor agreed to provide redacted discovery deleting the addresses and telephone numbers of the two 14 and 15 year old female victims of the alleged attempted kidnappings, both of whom would testify at trial, "given the nature and the age of the victims. And there's good cause to believe they may still be in danger to him." Full discovery would be provided if an investigator was appointed. The court granted Price's request with the addresses and phone numbers of the victims redacted.

At a hearing on April 2, 2014 requested by the prosecutor, the court listened to a recording of a jail telephone conversation from the afternoon of the day Price was granted propria person status.[2] The prosecutor expressed concern that Price was attempting to recruit someone with outstanding warrants and who was not on the investigator's list to speak to the minor victims. Price responded that he was considering using him "just like a private investigator," with no ill will to the victims, but: "I'm innocent, you know what I'm saying?" Price said it was not a stall tactic, "I was just throwing something out there to him." The court reminded Price that he had been advised that "by going pro per, it should not be a delay tactic." The court had heard Price on the recording soliciting someone who was not a licensed investigator to make direct contact with the victims, which was inappropriate and "very, very troubling," and "you explicitly said that it was a stall tactic and you wanted to buy time." The court revoked Price's propria person status,

---

[2] The court marked the recording as an exhibit. No transcript is in the record.

saying Price had abused that status and engaged in misconduct, and reappointed Price's counsel. The court stated that Price's misconduct rose to a level "where I find it's necessary and appropriate to terminate the defendant's pro per status," found that Price "intentionally sought to delay the trial proceedings," and concluded that Price's recorded conversation "suggested witness intimidation, which would be a very serious level of out-of-court misconduct." The court reinstated Price's lawyer and set the trial date.

Price filed a third *Marsden* motion on April 10, 2014, and on May 6, the first day of trial, the court held a *Marsden* hearing and denied the motion. Price had also asked that his propria person status be reinstated. Reminding Price that his self-representation had been revoked for cause, and that trial was set to begin, the court denied the request.

The court denied two more *Marsden* motions during trial. The jury found Price guilty of one count of the lesser included offense of attempted kidnapping and one count of carjacking. After the verdict, Price stated, "I want to exercise my *Faretta* rights," and filed a written request. The trial court noted that it had previously granted Price's request to represent himself and had then revoked it, finding "that [he was] using [his] pro per status as a stalling tactic as well as . . . [he] used [his] pro per status to intimidate witnesses." The court denied the request. Price was sentenced to 24 years and 8 months in state prison. He filed this timely appeal.

## DISCUSSION

The trial court has broad discretion to terminate a defendant's right to self-representation, and "the exercise of that discretion 'will not be disturbed in the absence of a strong showing of clear abuse.'" (*People v. Welch* (1999) 20 Cal.4th 701, 735.) No such abuse appears in this case.

Once a court has granted the defendant's request to represent himself, "[r]egardless of where it occurs, a court may order termination for misconduct that seriously threatens the core integrity of the trial." (*People v. Carson* (2005) 35 Cal.4th 1, 6 (*Carson*).) The defendant's out-of-court behavior during pretrial discovery can serve as a basis for terminating his self-representation. (*Id.* at pp. 6–7, 9.) "One form of serious and obstructionist misconduct is witness intimidation, which by its very nature

4

compromises the factfinding process and constitutes a quintessential 'subversion of the core concept of a trial.'" "When a defendant exploits or manipulates his in propria personal status to engage in such acts, wherever they may occur, the trial court does not abuse its discretion in determining he has forfeited the right of continued self-representation." (*Id.* at p. 9.) Another ground for termination is that "the defendant has 'intentionally sought to . . . delay his trial.'" (*Id.* at p. 10; see *People v. Rudd* (1998) 63 Cal.App.4th 620, 626.)

Here, the record contains "the precise misconduct on which the trial court based the decision to terminate." (*Carson*, *supra*, 35 Cal.4th at p. 11.) When the trial court granted Price's request to represent himself, the court warned him "it better not be a delay tactic," and the prosecutor pointed out that discovery provided to Price would not contain the addresses and telephone numbers of the two minor female victims (and witnesses), who he believed might still be in danger; that information would not be provided until an investigator was appointed. Price therefore had been warned. (*Id.* at pp. 11–12.) Yet in a telephone conversation from jail that afternoon, Price solicited someone who was not a licensed investigator and who had outstanding warrants to make direct contact with the two minors. In the same conversation Price also explicitly stated that he was employing a stall tactic to buy time. The court "explain[ed] how the misconduct threatened to impair the core integrity of the trial" (*id*. at p. 11), and acted well within its discretion in terminating Price's propria person status for witness intimidation and intentional delay.

Price contends that the court should have considered other, lesser sanctions. A relevant consideration is whether other sanctions were available, and if so, why they were inadequate. (*Carson*, *supra*, 35 Cal.4th at p. 12.) Price suggests the court could have assigned stand-by counsel who was ready to proceed if Price was not prepared, but does not explain how that would have prevented Price from continuing to attempt to intimidate the minor victim witnesses. Price also suggests the court should merely have warned him not to contact the victims, but he had already been advised that he was not entitled to have their contact information. In any event, lesser alternative sanctions are only one of

5

the circumstances that informs the court's exercise of its discretion, and "no one consideration will be dispositive." (*Ibid.*)

Price also challenges the trial court's refusal to reinstate his propria person status after trial and before sentencing. Price filed an "emergency ex-parte request" stating he wanted to represent himself and file a new trial motion, asking the court to set a hearing ten days after it granted his request, and requesting the full trial transcript, the case file, a defense investigator, and funds for supplies and for the telephone. The trial court denied the request, reminding Price that it had revoked his propria person status on evidence of intentional delay and witness intimidation.

As to witness intimidation, at trial the prosecutor introduced recordings of jail telephone calls and evidence that Price had made over 2050 phone calls to the carjacking victim, 239 of which went through. Excerpts were played in which Price attempted to influence her testimony and get her to discourage her mother from testifying. Price also called another witness 57 times. At the prosecutor's request, the court gave instructions that a defendant's attempts to persuade a witness to give false testimony and to prevent a witness from testifying could serve as circumstances tending to show a consciousness of guilt.

In addition, a review of the record shows that Price repeatedly disrupted the trial proceedings. After the first alleged victim witness testified, the court admonished Price (outside of the jury's presence) that he had said something during her testimony loud enough for the court to hear, and if it happened again, the court would warn Price in front of the jury. During the second alleged victim's testimony, the court had to admonish Price in the presence of the jury. During a sidebar, the court heard a noise that the bailiff said was Price pushing documents off the table, and warned Price that if he disrupted court proceedings again, "I will place what was observed on the record and you will be back in lock-up for the remainder of the trial." After the beginning of the prosecutor's closing argument, Price interjected, "Shut up." The court admonished him to "knock it off," and Price continued, "I couldn't help it. I've been telling—," at which point the trial court was compelled to repeat, "Mr. Price, knock it off."

Given Price's efforts to influence witnesses to give false testimony or not to appear, in combination with his disruptive behavior during trial, the trial court had more than reasonable grounds to believe Price's earlier behavior would continue, and granting his request to reinstate his propria person status would lead to more delay and disruption. The court acted within its discretion when it denied Price's request for reinstatement of propria person status.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

CHANEY, Acting P. J.

LUI, J.

7