Filed 10/11/23  P. v. Estupinan CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LEONEL FUNDORA ESTUPINAN,<br><br>    Defendant and Appellant. | B321034<br><br>(Los Angeles County Super. Ct. Nos. KA125016, KA124513) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Affirmed.

Richard B. Lennon and Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

The jury found Leonel Fundora Estupinan guilty of multiple counts relating to two incidents of driving under the influence of alcohol. He was sentenced to a total of four years eight months in state prison. Estupinan was originally represented by appointed counsel, but later invoked his right to represent himself under *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*) and began representing himself. However, the trial court subsequently revoked Estupinan's pro. per. status and appointed standby counsel to represent him going forward.

On appeal, Estupinan challenges the revocation of his pro. per. status. We conclude that Estupinan forfeited the issue by failing to object in the trial court. We decline to exercise our discretion to excuse forfeiture, and we affirm the trial court's judgment.

## PROCEEDINGS

Estupinan first requested to represent himself at a hearing on June 8, 2021. His primary motivation was that appointed counsel had too many cases and would not be able to devote sufficient time to his case. Estupinan did not believe that appointing new counsel would alleviate the problem. The trial court discussed the pitfalls of self-representation and reviewed Estupinan's *Faretta* waiver with him at length, after which Estupinan decided to continue with appointed counsel and renew his request at the next hearing if necessary.

At the next hearing, on July 1, 2021, Estupinan again requested to represent himself. After advising Estupinan of the rights that he would be waiving, the trial court granted the motion.

2

Estupinan represented himself at the next five hearings, on August 10, 2021, August 30, 2021, September 30, 2021, November 9, 2021, and January 13, 2022.[1] The trial court reprimanded Estupinan for disrupting the proceedings multiple times at these hearings. At the hearing on January 13, 2022, the court revoked Estupinan's pro. per. status and appointed standby counsel as counsel for Estupinan. Estupinan did not object to revocation of his status at the January 13, 2022 hearing or at any time thereafter. Trial began on May 9, 2022. Counsel represented Estupinan throughout the proceedings without objection from Estupinan.

## DISCUSSION

### *Legal Principles*

"Under the Sixth and Fourteenth Amendments, a criminal defendant has two mutually exclusive rights at all critical stages of a criminal prosecution—the right to counsel and the right to self-representation." (*People v. Fedalizo* (2016) 246 Cal.App.4th 98, 103.) "[T]he trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." (*People v. Carson* (2005) 35 Cal.4th 1, 8.) We review the trial court's determination to revoke a defendant's pro. per. status for abuse of discretion. (*Id*. at p. 12.) An abuse of this discretion requires reversal. (*Id*. at p. 14.)

---

[1] The judge who revoked Estupinan's pro. per. status presided over all of these hearings except for the August 10, 2021 hearing, which was presided over by a different judge.

"[T]he right to self-representation can [also] be waived . . . . That right may be waived expressly or impliedly through conduct that is inconsistent with the assertion of the right. ([*McKaskle v. Wiggins* (1984) 465 U.S. 168, 183] ["Once a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced"]; accord, *People v. D'Arcy* (2010) 48 Cal.4th 257, 285 ["a waiver or abandonment of the *Faretta* right to self-representation may be inferred from a defendant's conduct"]; *People v. Rudd* (1998) 63 Cal.App.4th 620, 631 ["the Sixth Amendment self-representation right does not exist when a defendant prior to or during trial acquiesces in the assignment or participation of counsel in the defense"].) (*People v. Fedalizo*, *supra*, 246 Cal.App.4th at p. 104.)

### *Analysis*

Estupinan concedes that he failed to object to the trial court's revocation of his pro. per. status, and he acknowledges that there is substantial authority that such a failure results in forfeiture of the issue on appeal. He attempts to avoid forfeiture, however, by contending that he did not have the opportunity to object at the time of termination, and that objection would have been futile in any event. Alternatively, Estupinan requests that this court exercise its discretion to reach the merits of the issue on the basis that forfeiture would affect his substantial rights. None of Estupinan's proffered grounds have merit: his failure to object, both at the time his pro. per. status was revoked and

4

afterwards to his representation by counsel, resulted in forfeiture, and we decline to exercise our discretion to reach the merits of his claim of error. (See *People v. Rudd* (1998) 63 Cal.App.4th 620, 629–630.)

We reject Estupinan's argument that he did not have the opportunity to object. Even assuming that Estupinan did not have an adequate opportunity to object at the time his status was revoked, he had ample opportunity to do so before trial commenced approximately four months later, during trial, and following trial. There is no indication that Estupinan objected at any time prior to his appeal to this court.

We also reject Estupinan's assertion that it would have been futile for him to object in the trial court because of the court's attitude toward him. Estupinan argues that the court revoked his status immediately after he stated that he felt intimidated because the court told him he had to remain silent. The record does not reflect that the court was unwilling to entertain Estupinan's objection. When Estupinan stated that he was intimidated, the court questioned Estupinan regarding what he meant; the court explained to him at length that the court was not preventing him from speaking, but rather instructing him to follow court rules and refrain from talking over the court, opposing counsel, and the interpreter while they were speaking. The trial court's explanation apparently assuaged Estupinan, because he continued to participate in the hearing—he advised the court of his complaints regarding his investigator and moved for appointment of a toxicologist. Only later in the hearing, after Estupinan failed to follow the court's instructions and disrupted proceedings several times, did the court revoke Estupinan's pro. per. status. Before doing so, the court provided a thorough

5

explanation of its reasons and reiterated that it did not wish to intimidate Estupinan or to silence him. The court emphasized that it afforded self-represented defendants significant leeway, but concluded that "this disruption has raised [*sic*] to a level where Mr. Estupinan is not being able to self-represent himself." In sum, the trial court emphasized that Estupinan could speak as long as he did not talk over others, and Estupinan exercised his right to speak immediately thereafter. Under the circumstances, we cannot agree with Estupinan that an objection would have been futile.

Finally, Estupinan's argument that his substantial rights will be affected if we do not exercise our discretion to excuse forfeiture lacks merit. Where a defendant acquiesces in representation by defense counsel there is no Sixth Amendment violation. (*People v. Rudd*, *supra*, 63 Cal.App.4th at p. 630.) Estupinan was represented by defense counsel for the four months prior to trial, as well as during and after trial. Estupinan had no reason to believe that he could not object to defense counsel's representation—he had previously complained about his investigator (the court appointed a new investigator) and his appointed counsel (the court granted Estupinan's request to represent himself), but did not express any dissatisfaction with defense counsel. On this record, Estupinan fails to meet the burden of demonstrating that he did not acquiesce to counsel's representation. (See *People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573 [appellant has burden to affirmatively demonstrate error].) Accordingly, his Sixth Amendment rights are not implicated, and there is no basis for excusing forfeiture on that ground.

## DISPOSITION

We affirm the trial court's judgment.
NOT TO BE PUBLISHED.


MOOR, J.


We concur:


BAKER, Acting P. J.


KIM, J.