[Nos. A048190, A048806. First. Dist., Div. One. Nov. 8, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD LEE PARENTO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for partial publication. The portions directed to be published follow.

## COUNSEL

Howard J. Specter, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Asssistant Attorney General, Ronald E. Niver and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

STEIN, J.—A jury found (1) that Richard Lee Parento had committed the felony of second degree burglary, (2) that he was legally sane at the time of the commission of that crime, and (3) that he had suffered the prior convictions and had served the separate prison terms alleged in the information filed against him.[1]

Appellate counsel, pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071], requested this court to conduct an

---

[1]Parento was charged with prior convictions of escape, burglary, voluntary manslaughter with the use of a firearm, grand theft, and burglary, for which convictions Parento had served three separate terms in the state prison. Parento appeals from the judgment entered upon the jury's verdict and findings.

independent review of the record to determine whether the appeal presented any arguable appellate issues. We did so. Our review disclosed that Parento had elected to represent himself, that he sought a continuance on the day of trial, which request was denied; that he then requested appointment of counsel, which request also was denied; and that he then refused to participate further in the proceedings, and thus was absent from the trial. Accordingly, we directed counsel to brief the following issue:

"Did the trial court err in allowing the trial to proceed in appellant's absence and without representation by counsel?" (See *People* v. *Brownlee* (1977) 74 Cal.App.3d 921, 931 [141 Cal.Rptr. 685]; *People* v. *Carroll* (1983) 140 Cal.App.3d 135, 142-144 [189 Cal.Rptr. 327].)

DISCUSSION

I.

*Parento's Request to Represent Himself**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

III.

*Parento's Absence at Trial*

After the court denied Parento's requests for a continuance for an attorney, Parento unequivocally refused to participate in the trial.[2]     On appeal, Parento contends that it was error for the trial to proceed without his presence or at least without the appointment of counsel. Although there appears to be no case which specifically has determined if a defendant who is representing himself may voluntarily absent himself from trial, such a conclusion has support.

Parento relies on cases which have considered the somewhat different problem posed when a defendant, representing himself, interferes with the trial process by his disruptive behavior. It has been held that in such circumstances the removal of the defendant from the courtroom "offends the

---

*See footnote, *ante*, page 1378.
[2]"If you're not going to give me time to prepare for the trial, give me counsel, I don't want to participate in it . . . I don't want no part of it. I don't think it's legal. I want counsel appointed to me or proper time to prepare . . . just do it without me. . . . Just do it without me then. That's what you do. . . . You just write me a letter when it's over. That's what you do."

most fundamental idea of due process of law, as defendant is totally deprived of presence at trial and even of knowledge of what has taken place." (*People v. Carroll, supra,* 140 Cal.App.3d at p. 141.) The court in *Carroll* stated three possible alternatives: (1) the appointment of counsel, (2) a contempt proceeding against the defendant, and (3) keeping the defendant in the courtroom under restraints. (*Id.* at p. 142.) Parento suggests that such alternatives, or something similar, should have been pursued here.

The present case, however, does not involve the involuntary removal of a defendant from the courtroom. The issue, therefore, is not whether there was a violation of Parento's right to be present at trial, or of his right to counsel, but whether Parento was entitled to waive those rights. There is little question but that he was.

Thus, it is well settled that a defendant for an offense not punishable by death is entitled to absent himself from the proceedings (Pen. Code, § 1043; *People v. Lewis* (1983) 144 Cal.App.3d 267, 276 [192 Cal.Rptr. 257]). Further, it is settled that the right of a defendant to represent himself includes the right to decline to conduct any defense whatsoever. "The choice of self-representation preserves for the defendant the option of conducting his defense by nonparticipation. (*People v. Teron* (1979) 23 Cal.3d 103, 115 [151 Cal.Rptr. 633, 588 P.2d 773].) A competent defendant has a right to choose 'simply not to oppose the prosecution's case.' (*Id.* at p. 108.) Thus, in *Teron* we found no error in a ruling which allowed the defendant to represent himself even though he asked no questions of witnesses, presented no evidence, and made only a single objection in the course of the trial. (*Id.* at pp. 110-111, 114-115.)" (*People v. McKenzie* (1983) 34 Cal.3d 616, 628-629 [194 Cal.Rptr. 462, 668 P.2d 769].) "If the defendant chooses to defend himself by not participating in the trial, he, unlike his attorney, is free to do so, but once this choice is made he cannot thereafter claim ineffective assistance of counsel as a basis for reversal on appeal. (*Faretta v. California, supra,* 422 U.S. 806, 835, fn. 46 [45 L.Ed.2d 562, 581].)" (*Ibid.*) We see no reason to distinguish between the situation, occurring in *McKenzie,* where a defendant exercises his right of self-representation by being physically present but conducting no defense, and the situation occurring here, where the defendant chooses to exercise that right by physically absenting himself from the proceedings. The issue is not physical presence, but choice. There is no question but that a defendant's right to effective counsel is violated if his attorney fails to attend the proceedings. Where a defendant has chosen to represent himself, however, he is entitled to conduct that defense in any manner he wishes short of disrupting the proceedings, and thus is free to absent himself physically from trial. If, as here, that choice was voluntary, it will be respected. It follows that a defendant who has exercised his right of

self-representation by absenting himself from the proceedings, may not later claim error resulting from that exercise.

The judgment is affirmed.

Newsom, Acting P. J., and Dossee, J., concurred.