[No. B153599. Second Dist., Div. Eight. Oct. 9, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
ERIC EL, Defendant and Appellant.

**COUNSEL**

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Jaime L. Fuster and Corey J. Robins, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RUBIN, J.**—Eric El appeals from the judgment following his conviction for second degree murder and possession of cocaine base for sale. After review, we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

Appellant Eric El shot and killed Jeffrey L. Clay in a quarrel over the quality of the cocaine appellant was selling. The People charged appellant with first degree murder (Pen. Code, § 187, subd. (a)) and possession of cocaine base for sale (Health & Saf. Code, § 11351.5). The People also specially alleged appellant personally used a handgun to kill Clay. Following appellant's not guilty plea, the court granted his request to represent himself, but also elected to appoint standby counsel to observe the proceedings.

On August 16, 2001, during the People's opening argument, appellant repeatedly interrupted the prosecutor with objections that the court invariably overruled. After overruling at least 22 such objections made in the time it takes to generate only five pages of a reporter's transcript, the court excused the jury. Outside the jury's presence, the court warned appellant not to interrupt with spurious objections, and told him if he continued making groundless objections, the bailiff would remove him from the courtroom. The court called the jury back, at which point appellant resumed making his objections. Excusing the jury a second time, the court ordered appellant's removal from the courtroom for the rest of the prosecutor's opening argument. Although the court had previously appointed stand by counsel and the minute order for August 16 notes that the attorney was present, the record does not show that the court directed the lawyer to represent appellant after his ejection from the proceedings. On the contrary, the reporter's transcript contains no reference to any discussion between court and counsel or that the court appointed the attorney as counsel of record. Thus, it appears appellant was unrepresented while the prosecutor completed her opening argument. After the prosecutor finished, the court allowed appellant to return, at which time he made his argument without incident.

The jury convicted appellant of the lesser included offense of second degree murder and of possession of cocaine base for sale. It also found true that he had personally used a gun to kill his victim. (Pen. Code, § 12022.53, subd. (d).) The court sentenced him to state prison for 40 years to life. This appeal followed.

## DISCUSSION

Appellant concedes he improperly disrupted the People's opening argument. He nevertheless contends that because he was representing himself, his removal from the courtroom resulted in his being denied his right to

counsel because he could not represent himself while he sat in lock-up. ■ According to appellant, denial of his right to counsel is a grave constitutional error requiring automatic reversal of his convictions without showing prejudice.[1]

■ We agree the court erred by proceeding in appellant's absence when standby counsel was available to defend appellant. (See *People v. Carroll* (1983) 140 Cal.App.3d 135, 141-142 [189 Cal.Rptr. 327] (*Carroll*) ["justice cannot be done" in one-sided criminal proceedings where neither defendant nor defense counsel is present]; but see *People v. Parento* (1991) 235 Cal.App.3d 1378, 1380-1381 [1 Cal.Rptr.2d 444] [no error where court did not appoint counsel after in propria persona defendant refused to participate and was absent from trial].) We nevertheless find, however, that because the court's error left appellant unrepresented for only a brief time, reversal is not automatic. On the contrary, it is well established that anything less than the complete denial of the right to counsel is subject to harmless error analysis. (*People v. Ayala* (2000) 24 Cal.4th 243, 268-269 [99 Cal.Rptr.2d 532, 6 P.3d 193].) ■ As the United States Supreme Court explained, "violations of the right to be present during all critical stages of the proceedings and the right to be represented by counsel . . . as with most constitutional rights, are subject to harmless error analysis . . . ." (*Rushen v. Spain* (1983) 464 U.S. 114, 119, fn. 2 [104 S.Ct. 453, 455, 78 L.Ed.2d 267]; see also *People v. Wright* (1990) 52 Cal.3d 367, 403 [276 Cal.Rptr. 731, 802 P.2d 221] [harmless error analysis applies to denial of counsel].) Under such an analysis, we must affirm the judgment if we are convinced beyond a reasonable doubt that the court's error in permitting the prosecutor to finish her opening argument in the absence of defense counsel did not affect the trial's outcome. (*Chapman v. California* (1967) 386 U.S. 18, 20-21 [87 S.Ct. 824, 826-827, 17 L.Ed.2d 705, 24 A.L.R.3d 1065]; see also *People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

■ *Carroll, supra,* 140 Cal.App.3d 135, on which appellant relies, does not indicate otherwise. In *Carroll,* the court initially permitted a murder defendant to represent himself, but the day before trial started, the defendant changed his mind and said he wanted appointed counsel because he did not feel capable of representing himself. (*Id.* at p. 138.) The court declined to appoint counsel and instead forced the defendant to proceed to trial on his

---

[1]Citing *Illinois v. Allen* (1970) 397 U.S. 337, 342-343 [90 S.Ct. 1057, 1060-1061, 25 L.Ed.2d 353], appellant expressly recognizes that a defendant's right to be personally present during trial may be forfeited by disruptive behavior and, as noted, appellant acknowledges his behavior was disruptive. (See also Pen. Code, § 1043, subd. (b)(1).) Thus, to the extent appellant separately contends that his Sixth Amendment confrontation rights were violated by his removal, we reject that argument.

own. The defendant refused to acquiesce to his unrepresented state and repeatedly complained he was incapable of properly representing himself, each time earning the court's rebuke. For example, when the defendant complained during jury selection about not having counsel, the court ejected him and permitted the prosecution to select the jury in his absence. When he renewed his complaint after the jury was impaneled, the court again ejected him and refused to allow him to make an opening statement. Moreover, during his absence, he missed the People's direct examination of the medical examiner who testified about the cause of death, and was denied the opportunity to cross-examine her. In addition, he missed the testimony of the witness who discovered the victim's body. (*Id.* at pp. 139-140.)

On review, the appellate court in *Carroll* found the denial of the defendant's right to counsel was so extensive that it was automatically reversible error. (*Carroll, supra,* 140 Cal.App.3d at p. 142.) *Carroll*'s egregious facts are not present here, however, making it distinguishable. In contrast to *Carroll,* appellant was involved in jury selection, permitted an opening statement and closing argument, did not miss any testimony, and was allowed to cross-examine witnesses. His absence from the courtroom amounted to only five pages' worth of the prosecutor's opening argument. As the denial of his right to counsel was less than total, harmless error analysis applies.

Applying such a test, we find the court's error in proceeding without defense counsel does not require reversal. Appellant missed only the prosecutor's unadorned summary of the elements of the charged offenses and the evidence proving those elements. Focusing on the murder charge, the prosecutor told the jury that appellant had premeditated the shooting because there was a 15-minute delay between his argument with his victim and the shooting. (Interestingly, the jury rejected this argument when it convicted appellant of the lesser included offense of second degree murder.) In support of the possession for sale charge, she told the jury appellant had been arrested with over six grams of cocaine base and that such an amount was hundreds of times more than that needed for mere personal use. Nothing in the prosecutor's assertions was objectionable and her workmanlike argument scored against appellant no more damage than that already inflicted by the state of the evidence. We can therefore say beyond a reasonable doubt that appellant's temporary absence during the prosecutor's opening argument did not affect the jury's verdicts.

## DISPOSITION

The judgment is affirmed.

Cooper, P. J., and Boland, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 15, 2003.