Filed 7/17/13  P. v. Ruiz CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ANTONIO RUIZ,<br><br>  Defendant and Appellant. | B245746<br><br>(Los Angeles County<br>Super. Ct. No. YA052133) |

  APPEAL from a judgment of the Superior Court of Los Angeles County, Steven R. Van Sicklen.  Reversed with directions.

  California Appellate Project, Jonathan B. Steiner and Richard B. Lennon for Defendant and Appellant.

  Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

Defendant Antonio Ruiz appeals from the judgment entered when he was resentenced after the trial court found on habeas corpus that the original sentence violated the dual use enhancement prohibition under Penal Code section 1170.1, subdivision (f). We conclude that by resentencing Ruiz without a hearing, the trial court violated his constitutional and statutory rights to be present and represented by counsel. Therefore we remand for resentencing.

# FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Crime*

On June 11, 2002 Ruiz shot at homes as he drove through the city of Lawndale, California. Shortly thereafter, he demanded "money and gold" at gunpoint from a man sitting in his car outside a convenience store. When the man refused, Ruiz threatened to shoot him in the head. The police apprehended Ruiz around 3:00 a.m. and found him in possession of methamphetamine. Ruiz was a member of the North Side Redondo gang and committed these acts in a rival gang's territory.[1]

### B. *The Initial Sentencing*

Ruiz was charged with seven counts: (1) criminal threats (Pen. Code,[2] § 422); (2) assault with a firearm (§ 245, subd. (a)(2)); (3) attempted second degree robbery (§§ 211, 664); (4) shooting at an inhabited dwelling (§ 246); (5) possession of a firearm

---

[1] We only briefly summarize facts of Ruiz's crimes because they are not relevant to the issues in this appeal.

[2] All further statutory references are to the Penal Code unless otherwise stated.

by a felon (§ 12021, subd. (a)(1)[3]); (6) possession of a narcotic with a firearm (Health & Saf. Code, § 11370.1, subd. (a)); and (7) possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)).  The information also contained allegations that Ruiz personally used a firearm in the commission of the crimes charged in counts 2 and 3 (§ 12022.5, subd. (a)); as to count 3, that Ruiz personally used a handgun in the commission of the crime (§ 12022.53, subds. (b) & (e)(1)); as to counts 3 and 4, that a principal was armed with a firearm in the commission of the crime (§ 12022, subd. (a)(1)); and as to counts 1 through 4, that the crimes committed were for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)).  The information further alleged that Ruiz suffered two prior convictions of serious felonies within the meaning of section 667, subdivision (a)(1), and the "Three Strikes" Law (§§ 667, subds. (b)-(i), 1170.12), for which he served two prior prison terms (§ 667.5, subd. (b)).

Ruiz waived a jury trial.  The trial court struck a prior conviction, making this a "second strike" case.  The court indicated that if Ruiz pleaded guilty to all counts, the court would sentence him to between 25 to 30 years and would listen to and consider the presentations of counsel in determining the appropriate sentence within that range.  After hearing the argument of counsel, the court sentenced Ruiz to 27 years and 8 months as follows:

Counts 1 and 2:  Stayed (§ 654).

Count 3:  27 years and 8 months, consisting of 32 months (low term, doubled), plus 10 years for the use of a firearm (§ 12022.5, subd. (a)(1)), plus 10 years on the gang enhancement (§ 186.22, subd. (b)(1)(C)), plus 5 years on the prior serious felony enhancement (§ 667, subd. (a)(1)).

Count 4:  365 days in county jail, credit given for time served.

Count 5:  Stayed (§ 654).

---

[3] Section 12021 was repealed by Statutes 2010, chapter 711, section 4, operative January 1, 2012; see now section 29800, subdivision (a)(1).

Count 6:  Middle term of six years, doubled, to run concurrent to the sentence on count 3.

Count 7:  Stayed (§ 654).

C.      *The Habeas Petition and Resentencing*

Ruiz filed a petition for writ of habeas corpus in 2011.  Among other claims, Ruiz argued that the trial court violated the prohibition against imposing both gang and firearm enhancements.[4]  He requested a resentencing hearing and asked the court to dismiss the 10-year gang enhancement.

The People conceded and the trial court agreed that the dual enhancements were improper and asked the People to recalculate a legal sentence within the 25 to 30-year range.  (See *People v. Rodriguez* (2009) 47 Cal.4th 501, 509.)  The People recalculated Ruiz's sentence to impose again a term of 27 years and 8 months as follows:

Counts 1 and 2:  Stayed (§ 654).

Count 3:  19 years, consisting of 4 years (middle term, doubled), plus 10 years for use of firearm (§ 12022.5, subd. (a)(1)), plus 5 years for the gang enhancement (§ 186.22, subd. (b)(1)(B)).

Count 4:  10 years (middle term, doubled) to run concurrent to the sentence on count 3.

Count 5:  1 year and 4 months (one-third the middle term, doubled).

Count 6:  Stayed (§ 654).

Count 7:  1 year and 4 months (one-third the middle term, doubled).

The trial court also imposed a five-year enhancement for a prior serious felony, and a one-year enhancement for a prior prison term.

The trial court granted Ruiz's motion to file a written response to the memorandum of points and authorities in support of the People's proposed recalculated

_____

[4]      Ruiz's other habeas claims are not relevant to this appeal.

4

sentence. Ruiz filed a 16-page handwritten response. Ruiz asked that the trial court order him to be present with counsel.

The court vacated the previously imposed sentence, adopted the People's recommendation, and resentenced Ruiz to a term of 27 years and 8 months. The court, however, did not hold a hearing and neither side was present.

Ruiz appeals. Ruiz contends that the trial court's procedure violated his constitutional and statutory rights to be present at the resentencing and to counsel. We conclude that the trial court's resentencing of Ruiz without holding a hearing and allowing Ruiz to attend and participate with his lawyer violated his rights, and that the error was not harmless.

## DISCUSSION

A. *Right To Be Present at Resentencing and Right to Counsel*

The Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution guarantee that a criminal defendant has a right to be personally present at trial. (See *United States v. Gagnon* (1985) 470 U.S. 522, 526 [105 S.Ct. 1482, 84 L.Ed.2d 486] ["we have recognized that this right is protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him"].) Section 15 of article I of the California Constitution and sections 977 and 1043 require the defendant to be present at trial, sentencing, and pronouncement of judgment. (*People v. Blacksher* (2011) 52 Cal.4th 769, 798-799; *People v. Rodriguez* (1998) 17 Cal.4th 253, 257.)

A defendant's right to counsel under the Sixth Amendment applies at all critical stages of a criminal proceeding where the defendant's substantial rights are at stake. (*People v. Crayton* (2002) 28 Cal.4th 346, 362.) "Sentencing . . . is a critical stage in the proceeding during which a criminal defendant has the constitutional right to appear in person, and to be represented by effective counsel and to present evidence with respect to mitigation of sentence." (*People v. McGraw* (1981) 119 Cal.App.3d 582, 594, fn. 1;

5

accord, *People v. Doolin* (2009) 45 Cal.4th 390, 453; see *People v. Munoz* (2006) 138 Cal.App.4th 860, 867-868 ["counsel's assistance is considered essential at every critical stage of the criminal process, and this includes . . . sentencing"].) A criminal defendant also has a statutory right to be present at sentencing. (See § 977, subd. (b) [a defendant shall be present during sentencing, unless he waives that right and asks that his lawyer appear instead].) In resentencing Ruiz, the trial court violated these rights by not having a hearing where Ruiz could appear with his attorney and argue for a reduction in his sentence. (See *People v. Mora* (2002) 99 Cal.App.4th 397, 398-399 [trial court's modification of sentence ex parte and "amending the abstract of judgment in [the defendant's] absence was error"]; *People v. Arbee* (1983) 143 Cal.App.3d 351, 355 [trial court's modification of judgment to correct sentencing mistake denied defendant of his due process rights where "the modification at issue took place on the court's own initiative; [the defendant] was not notified, nor did he appear before the court"].)

B. *Harmless Error*

Because the right to be present at sentencing and the right to counsel are federal constitutional rights we apply the "harmless beyond a reasonable doubt" standard in *Chapman v. California* (1967) 386 U.S. 18, 24 [87 S.Ct. 824, 17 L.Ed.2d 705]. (See *People v. Davis* (2005) 36 Cal.4th 510, 532 ["Under the federal Constitution, error pertaining to a defendant's presence is evaluated under the harmless-beyond-a-reasonable-doubt standard set forth in *Chapman* . . . ."]; accord, *People v. Robertson* (1989) 48 Cal.3d 18, 62; *People v. El* (2002) 102 Cal.App.4th 1047, 1050.) The statutory error under sections 977 and 1043 "is a state law error only, and therefore is reversible only if '"it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of error"'" under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*People v. Davis*, *supra*, at pp. 532-533.) The defendant has the burden of demonstrating that his absence and the lack of counsel resulted in prejudice or violated his right to a fair and impartial trial. (*People v. Blacksher*, *supra*, 52 Cal.4th at p. 799; *People v. Cleveland* (2004) 32 Cal.4th 704, 741.)

6

We cannot say that the deprivation of Ruiz's constitutional rights was harmless beyond a reasonable doubt. The absence of Ruiz and his attorney prevented them from arguing in court for a sentence of less than 27 years and 8 months. When the trial court resentenced Ruiz, the court had the authority to impose the 10-year gang enhancement or the firearm use enhancement but not both, which under the court's previously indicated sentence range could have resulted in a 25-year sentence. Instead, the court reduced the sentence on count 3 from 27 years and 8 months to 19 years, increased the sentence on count 4 from 365 days to 5 years, and added 1 year and 4 months to count 7. That is a lot of discretion exercised without having Ruiz present with counsel. This is not a case where the trial court did not have discretion to reduce Ruiz's sentence. Nor is this a case where the subject of the hearing was a "modest" issue, such as the amount the trial court would order the defendant to pay in restitution. (*People v. Wilen* (2008) 165 Cal.App.4th 270, 289.) The subject of this sentencing hearing was at least two years and eight months of Ruiz's liberty.

And perhaps more. In its order on the petition for writ of habeas corpus, the trial court "vacate[d] the previously imposed sentence" before it resentenced Ruiz. A vacated sentence is "a nullity," after which the trial court resentences the defendant "'from scratch'" and "has discretion to increase or decrease elements of the sentence (although there may be limits on its ability to increase the aggregate sentence)." (*People v. Garcia* (1995) 32 Cal.App.4th 1756, 1769.) Because the trial court's indicated sentence of 25 to 30 years was not binding, the trial court could have resentenced Ruiz to less than 25 years. An "indicated sentence is not a promise that a particular sentence *will* ultimately be imposed at sentencing. Nor does it divest a trial court of its ability to exercise its discretion at the sentencing hearing, whether based on the evidence and argument presented by the parties or on a more careful and refined judgment as to the appropriate sentence. . . . The development of new information at sentencing may persuade the trial court that the sentence previously indicated is no longer appropriate for this defendant or these offenses. Or, after considering the available information more carefully, the trial court may likewise conclude that the indicated sentence is not appropriate. Thus, even

7

when the trial court has indicated its sentence, the court retains its full discretion at the sentencing hearing to select a fair and just punishment." (*People v. Clancey* (2013) 56 Cal.4th 562, 576.)

The People argue that because the trial court did not change Ruiz's sentence, "there is no basis to believe that [Ruiz] would have received a lesser sentence if he had been given an opportunity to recycle the same arguments he made during the original sentencing hearing." The People's argument assumes that the trial court would have exercised its discretion to resentence Ruiz regardless of what Ruiz and his attorney would have said had they been present. We do not share the People's cynical view of Ruiz's due process rights or of the exercise of the trial court's sentencing discretion. "The evidence and arguments that might be presented on remand cannot justly be considered 'superfluous,' because defendant and his counsel have never enjoyed a full and fair opportunity to marshal and present the case supporting a favorable exercise of discretion." (*People v. Rodriguez*, *supra*, 17 Cal.4th at p. 258; see *People v. Garcia*, *supra*, 32 Cal.App.4th at p. 1771 ["To say that sentencing decisions are discretionary is to say that different reasonable decision makers—or, as in this case, the same reasonable decision maker at different times—could arrive at different decisions, even on the same facts."].) Thus, "'"it is no answer to say that in his particular case due process of law would have led to the same result . . . ." [Citation.]'" (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 205; accord, *Coe v. Armour Fertilizer Works* (1915) 237 U.S. 413, 424 [35 S.Ct. 625, 59 L.Ed. 1027].) The "'right to be heard does not depend upon an advance showing that one will surely prevail at the hearing.'" (*People v. Hernandez* (2009) 172 Cal.App.4th 715, 722, quoting *Fuentes v. Shevin* (1972) 407 U.S. 67, 87 [92 S.Ct. 1983, 32 L.Ed.2d 556].)[5]

---

[5] Because we find that the federal constitutional error is not harmless beyond a reasonable doubt, we do not reach the issue of whether the state law violations are harmless under *People v. Watson*, *supra*, 46 Cal.2d 818.

## DISPOSITION

Ruiz's sentence is reversed and the case is remanded to the trial court for resentencing, with Ruiz and his attorney present with a full opportunity to be heard.

SEGAL, J.[*]

We concur:

WOODS, Acting P. J.

ZELON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.