SEGAL, J., Dissenting. —
In my view, the majority arrives at the wrong answer because it asks the wrong question. The question is not whether a trial court may rely on an attorney’s representation that his or her client has waived the right of self-representation or the right to be present at sentencing. I agree with the majority that a trial court may do so. But in this case, the deputy public defender never made those representations. In fact, there is no evidence in the record that Baltazar Culbadora Fedalizo expressly or impliedly waived his right to represent himself or his right to be present at the resentencing hearing. There is not even evidence the court ever appointed the public defender to represent Fedalizo in connection with his petition for rehearing under Proposition 47. The deputy public defender never said that he was representing Fedalizo, that he was authorized to appear on behalf of Fedalizo, or that he had 'ever communicated with Fedalizo. Without such evidence, the question is whether an attorney may waive a defendant’s right to represent himself and be present at sentencing by merely standing in for him. In my view, when the trial court conducted the resentencing hearing in Fedalizo’s absence, the court violated his constitutional rights to represent himself and to be present at the hearing. Therefore, I respectfully dissent.
A. The Trial Court Violated. Fedalizo’s Right to Represent Himself
Under the Sixth Amendment of the United States Constitution, a criminal defendant has a “constitutibnal right to conduct his own defense.” (Faretta v. California (1975) 422 U.S. 806, 836 [45 L.Ed.2d 562, 95 S.Ct. 2525].) The right to self-representation is independent of the right to counsel. (Id. at p. 807.)
It is undisputed that Fedalizo represented himself when he negotiated a plea agreement with the prosecutor, when he was convicted, and when the trial court originally sentenced him. The evidence is also undisputed that Fedalizo represented himself when he filed the petition for resentencing. And the evidence is undisputed that Fedalizo represented himself when, after the court ruled on his petition and resentenced him in his absence, he filed a motion to modify his sentence from consecutive to concurrent terms, which this court deemed a notice of appeal. In addition, there is no evidence that the court appointed the public defender to represent Fedalizo in connection with this petition. The public defender did not file the petition for resentencing, Fedalizo did. The public defender did not file any papers in this proceeding, *112 only Fedalizo did. Fedalizo represented himself from beginning to end, from conviction to sentencing to petitioning to moving for reconsideration.
The majority concludes that Fedalizo waived his right to (continue to) represent himself. It is true that, once a defendant has exercised his or her right to self-representation, the defendant can waive that right either expressly or by conduct. (People v. Trujeque (2015) 61 Cal.4th 227, 262-263 [188 Cal.Rptr.3d 1, 349 P.3d 103]; see McKaskle v. Wiggins (1984) 465 U.S. 168, 182-183 [79 L.Ed.2d 122, 104 S.Ct. 944]; People v. Stanley (2006) 39 Cal.4th 913, 919 [47 Cal.Rptr.3d 420, 140 P.3d 736].) Such a waiver of a defendant’s constitutional right of self-representation, however, “should be voluntary, knowing, and intelligent.” (People v. Trujeque, supra, 61 Cal.4th at p. 262.)
For example, a defendant may waive the right of self-representation by asking an attorney to participate in the trial. (See McKaskle v. Wiggins, supra, 465 U.S. at p. 183 [“[o]nce a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant’s acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced”]; People v. Rudd (1998) 63 Cal.App.4th 620, 631 [73 Cal.Rptr.2d 807] [“the Sixth Amendment self-representation right does not exist when a defendant prior to or during trial acquiesces in the assignment or participation of counsel in the defense”]; U.S. v. Swinney (8th Cir. 1992) 970 F.2d 494, 498 [a “defendant remains free ... to elevate standby counsel to a lead counsel role, thereby waiving the defendant’s Faretta rights”].) Or the defendant may change his or her mind about or vacillate on whether to represent himself or herself. (See, e.g., Sandoval v. Calderon (9th Cir. 2000) 241 F.3d 765, 775 [circumstances may “indicate that the defendant has changed his or her mind about self-representation”]; Munkus v. Furlong (10th Cir. 1999) 170 F.3d 980, 984 [“a waiver or a termination of the right to self-representation may occur . . . from the defendant’s equivocation”]; Brown v. Wainwright (5th Cir. 1982) 665 F.2d 607, 611 [“[e]ven if a defendant [asks] to represent himself ... the right may be waived through defendant’s subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether”]; see also U.S. v. Jackson (6th Cir. 2008) 304 Fed. Appx. 424, 429 [a “ ‘change of heart’ ” and “acceptance of newly appointed counsel” can constitute “an implied waiver of the right of self-representation”].) There is no evidence, however, of any acquiescence or vacillation here.
So, then, where is the waiver, or at least facts from which a waiver could be implied? Not in the clerk’s transcript: All of the documents filed in connection with the petition were filed by Fedalizo. Not in the reporter’s transcript: Fedalizo was not present when the court conducted the resentenc-ing hearing, and the deputy public defender never said he represented *113 Fedalizo, let alone that Fedalizo was waiving his right to represent, or was no longer representing, himself.[1] My review of the record discloses no conduct by Fedalizo from which a waiver may be inferred. To the contrary, the only evidence of Fedalizo’s conduct is his filing of the petition for resentencing and his motion to modify his sentence, both of which he filed as his own lawyer. (See U.S. v. Kerr (2d Cir. 2014) 752 F.3d 206, 219 [“no indication that [the defendant] waived his right to self-representation during the post-plea period” where the defendant “made numerous pro se filings”].)
In finding an implied waiver of the constitutional right of self-representation that Fedalizo so clearly and consistently exercised, the majority relies on facts I am unable to locate in the record. For example, the majority states that the court “appointed the public defender’s office” to represent Fedalizo. (Maj. opn., ante, p. 108.) Not that I can find. There is no indication in the record that the court appointed counsel for Fedalizo. The majority also states, “After noting that the deputy public defender had ‘waiv[ed] [his] client’s appearance,’ the trial court resentenced defendant.” (Maj. opn., ante, p. 106, fn. 5.) I do not read the record that way. It was only after the court had resentenced Fedalizo and turned to a different case, People v. Fedalizo (Super. Ct. L.A. County, 2014, No. KA108474), that the court asked if, with respect to the second case, Fedalizo was waiving his appearance. Here is the transcript of the hearing on which the majority bases its determination that Fedalizo waived his rights to represent himself and to be present at sentencing:
“The Court: Baltazar Fedalizo. 410 on the calendar. Mr. Santos [the deputy public defender] representing. In this matter petition again for re-sentencing. My understanding it applies in this matter, Mr. Urgo [the deputy district attorney]?
“Mr. Urgo: Yes.
“The Court: All right. Granting the petition. Making all counts a misdemeanor.
*114 “The Clerk: Count[s] 6 and 7 are already misdemeanors.
“The Court: Count[s] 6 and 7 were already misdemeanors. So it would be 364. All counts running concurrent.
“Mr. Urgo: I think he has already been sentenced to the three years.
“The Clerk: He has another case. 412.
“The Court: So he’s been sentenced?
“Mr. Urgo: He got three years. So the court can give him three years on this to run concurrent and not change his sentence.
“The Court: Okay. So waive formal arraignment for judgment then?
“Mr. Santos: So waived. No legal cause for delay.
“The Court: All right. And waiving your client’s appearance. Sentencing pursuant to Prop. 47. Ordering 364 days in the county jail as to Count 1. Consecutive to that, 364 days in county jail on Count 2. Consecutive to that, 364 days on Count 3. So that is three years. Then as to Count 4, 364 to run concurrent. Count 5, 364 to run concurrent. Count 6, 180 days to run concurrent. And Count 7, 364 to run concurrent. All other orders are full force and effect. As to case 412 on the calendar, that’s the same defendant, second case. Mr. Santos representing. Waiving his appearance on that matter?
“Mr. Santos: So waived.
“The Court: Alright. Mr. Urgo for the People. This is possession of a counterfeit seal. Prop. 47 does not apply to that count. Do you wish to be heard, Mr. Santos, any further?
“Mr. Santos: Submitted.
“The Court: Alright. The petition is denied as that charge does not apply to the new Prop. 47. And all previous orders full force and effect in that matter.”
From the court’s statement, “waiving your client’s appearance,” the majority concludes that “the trial court noted for the record that the deputy public defender had waived defendant’s appearance” (maj. opn., ante, p. 103). I do not think that is a fair characterization of what happened. After resentencing Fedalizo on his successful Proposition 47 petition, the court moved on to *115 Fedalizo’s other case (the case for which Fedalizo was ineligible for resen-tencing), and only then did the court ask the deputy public defender whether Fedalizo waived his appearance “on that matter,” to which the deputy public defender replied, “So waived.” I do not believe that this waiver, even assuming it was valid, applies retroactively to Fedalizo’s resentencing in case No. KA103656, which the court had already heard. Nor do I believe that the court may waive Fedalizo’s appearance sua sponte, which is what apparently occurred in case No. KA103656.
The majority points to Fedalizo’s post-hearing motion to modify his sentence as further evidence that he “at least acquiesced” in the deputy public defender’s “authority to appear for him and waive his presence,” and states that “[a]ll the evidence . . . points in one direction . . . .” (Maj. opn., ante, p. 105.) I agree. The evidence does point in one direction; the opposite one. The fact that the very next filing after the hearing on Fedalizo’s petition for resentencing was a motion by Fedalizo representing himself, not by the public defender, confirms what Fedalizo has maintained all along: he was representing himself. If Fedalizo had actually retained the public defender’s office to represent him in connection with his petition for resentencing, the motion to modify and request for the imposition of concurrent sentences would have been filed by the public defender, not Fedalizo. By filing the motion and making an argument the deputy public defender did not make at the hearing, Fedalizo was not “acquiescing” in the representation, he was disavowing the representation and continuing to represent himself. Fedalizo’s actions spoke louder than the deputy public defender’s words (or, in this case, silence).
The true basis of the majority’s implied waiver finding appears to be the concern that requiring a court to ask whether an absent, self-represented defendant has waived the right to represent himself when an attorney stands in at a sentencing hearing will result in a loss of efficiency.[2] The majority states that upholding Fedalizo’s right to continue representing himself “would cause serious arid needless disruption to the court system,” “would be especially disruptive in misdemeanor courts,” would “disturb the normal operations of the court,” and would not be “productive.” (Maj. opn., ante, pp. 107, 108.) Increasing efficiency and expediting the management of court calendars are important goals. But they should not take precedence over constitutional rights. (See In re Kevin G. (1985) 40 Cal.3d 644, 648 [221 Cal.Rptr. 146, 709 P.2d 1315] [“[i]mpairment of constitutional rights . . . will not be suffered in return for efficiency”]; U.S. v. Vea-Gonzales (9th Cir. 1993) *116 999 F.2d 1326, 1334 [“[i]f enforcement of constitutional rights sometimes undermines efficiency, it is the price we all pay for having a constitution”], overruled on other grounds in U.S. v. Jimenez (9th Cir. 2008) 533 F.3d 1110, 1113-1114; Bethea v. Crouse (10th Cir. 1969) 417 F.2d 504, 509 [“we ‘must not play fast and loose with basic constitutional rights in the interest of administrative efficiency’ ”]; Lavan v. City of Los Angeles (C.D.Cal. 2011) 797 F.Supp.2d 1005, 1018 [“often efficiency must take a backseat to constitutionally protected interests”]; U.S. v. Cataldo (S.D.N.Y. 1985) 625 F.Supp. 1255, 1257 [“preservation of a defendant’s constitutional rights must take precedence over concerns for efficiency and conservation of judicial resources”].) Allowing defendants to represent themselves is often disruptive and unproductive, and self-represented defendants rarely do better on their own than they would with counsel. (See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist. (2000) 528 U.S. 152, 161 [145 L.Ed.2d 597, 120 S.Ct. 684] [“[o]ur experience has taught us that ‘a pro se defense is usually a bad defense, particularly when compared to a defense provided by an experienced criminal defense attorney’ ”]; Faretta v. California, supra, 422 U.S. at p. 834 [“in most criminal prosecutions defendants could better defend with counsel’s guidance than by their own unskilled efforts”]; People v. Rivers (1993) 20 Cal.App.4th 1040, 1051 [25 Cal.Rptr.2d 602] [“a defendant who represents himself virtually never improves his situation or achieves a better result than would trained counsel”].) Yet defendants have the constitutional right to represent themselves, misguided or detrimental as it may be for them to exercise that right, and we are obligated to protect and enforce that right. I would do so here, despite the possibility of adverse economic consequences.
The cases on which the majority relies all involved very different situations. In McKaskle v. Wiggins, supra, 465 U.S. 168, the defendant who impliedly waived his right of self-representation was present in court with standby counsel, consulted with standby counsel during the trial, and “expressly agreed to allow” standby counsel to examine a witness and make an opening statement. (Id. at p. 172.) In People v. D’Arcy (2010) 48 Cal.4th 257 [106 Cal.Rptr.3d 459, 226 P.3d 949] the defendant was present in court, withdrew his previously filed motion to represent himself, and “confirm[ed] that he wanted to be represented by” counsel. (Id. at p. 285.)[3] And in People v. Rudd, supra, 63 Cal.App.4th 620, the defendant was present in court when the court revoked his right to represent himself because he was not ready for trial, and neither the “defendant nor his counsel objected to the order *117 revoking the pro se status.” (Id. at p. 625.) There are no such facts here, and, as noted, Fedalizo was not in court when his right of self-representation was violated.
Citing several non-criminal cases, the majority states that “well-settled law” “requires us to draw a reasonable inference that [Fedalizo] authorized the deputy public defender to act on his behalf and waive his presence.” (Maj. opn., ante, p. 106.) There is no such well-settled law, and the cases cited by the majority say no such thing. For example, in Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd. (1993) 12 Cal.App.4th 74 [15 Cal.Rptr.2d 585], a civil case, there was no question the attorney had appeared for the partnership client in New York litigation: the attorney “answered, counterclaimed, and cross-claimed” on behalf of the client and appeared for it “throughout the proceedings.” (Id. at pp. 83, 95.) The court in Tsakos nevertheless refused to enforce the resulting New York judgment because the attorney had a disqualifying conflict of interest. (Id. at pp. 95-97.) Hardly authority for a well-established rule that we must infer a defendant authorized a deputy public defender to act on his behalf in the absence of any evidence that he did. Indeed, in civil cases, like Tsakos, a trial court in California would not allow an attorney to appear at a hearing for a litigant who had been representing himself or herself in the case without a properly executed, filed written substitution of attorney or notice of limited scope representation.
Sarracino v. Superior Court (1974) 13 Cal.3d 1 [118 Cal.Rptr. 21, 529 P.2d 53], a conservatorship case, involved the authority of a properly court-appointed guardian ad litem. The Supreme Court held that, in the absence of a “factual showing of any irregularity in the guardian ad litem’s appointment or of any deficiency in her authority to represent [the conservatee], her authority is presumed.” (Id. at p. 13.) The Supreme Court explained that “[t]he guardian ad litem, like the attorney, is both the incompetent’s representative of record and a representative of the court,” and that “[a]n attorney’s authority to represent his purported client is presumed in the absence of a strong factual showing to the contrary.” (Ibid.) I do not read the opinion so broadly as to create a presumption that an attorney, who has not been appointed, nevertheless has authority to represent a self-represented criminal defendant.[4]
*118 Finally, because there is no issue regarding the timeliness of Fedalizo’s request to represent himself, the denial of his right to represent himself is not subject to harmless error analysis. (McKaskle v. Wiggins, supra, 465 U.S. at p. 177, fn. 8; U.S. v. Farias (9th Cir. 2010) 618 F.3d 1049, 1055; see People v. Thurston (2016) 244 Cal.App.4th 644, 673-674 [198 Cal.Rptr.3d 585]; People v. Doss (2014) 230 Cal.App.4th 46, 55 [178 Cal.Rptr.3d 378].)
B. The Trial Court Violated Fedalizo’s Right to Be Present at Resentencing
A defendant has the right to be present at all critical stages of a criminal proceeding. (People v. Cunningham (2015) 61 Cal.4th 609, 633 [189 Cal.Rptr.3d 737, 352 P.3d 318].) “Sentencing is a critical stage in the criminal process within the meaning of the Sixth Amendment.” (People v. Rouse (2016) 245 Cal.App.4th 292, 297 [199 Cal.Rptr.3d 360]; see People v. McGraw (1981) 119 Cal.App.3d 582, 594, fn. 1 [174 Cal.Rptr. 711].) A defendant has federal and state constitutional rights to be present at sentencing and resen-tencing, including resentencing under Penal Code section 1170.126, subdivision (f). (People v. Hines (1997) 15 Cal.4th 997, 1038-1039 [64 Cal.Rptr.2d 594, 938 P.2d 388]; People v. Tubbs (2014) 230 Cal.App.4th 578, 588 [178 Cal.Rptr.3d 678]; People v. Superior Court (Kaulick) (2013) 215 Cal.App.4th 1279, 1299 [155 Cal.Rptr.3d 856].) “As a matter of both federal and state constitutional law, however, a defendant may validly waive his or her right to be present during a critical stage of the trial, provided the waiver is knowing, intelligent, and voluntary.” (People v. Cunningham, supra, 61 Cal.4th at p. 633; People v. Carrasco (2014) 59 Cal.4th 924, 958-959 [175 Cal.Rptr.3d 538, 330 P.3d 859].) A criminal defendant also has a statutory right to be present at sentencing. (See Pen. Code, § 977, subd. (b); People v. Blacksher (2011) 52 Cal.4th 769, 798-799 [130 Cal.Rptr.3d 191, 259 P.3d 370].) Fedalizo was not present when the trial court resentenced him, thus violating his constitutional and statutory rights.
The majority concludes that there were no such violations because the deputy public defender was authorized to inform the court that Fedalizo had waived his right to be present at resentencing. (Maj. opn., ante, pp. 105-106, 108.) As noted, however, there is no evidence, from either Fedalizo or the deputy public defender, that Fedalizo authorized the attorney to waive his right to be present for resentencing. Although the court in the case cited by the majority did state in a footnote that “the court can rely upon the *119 representations of defense counsel that the accused was knowingly absent from the proceedings” (Olney v. Municipal Court (1982) 133 Cal.App.3d 455, 461, fn. 5 [184 Cal.Rptr. 78]), the court in that case also stated in the text of the opinion that “the court must be confident that the acts of counsel are authorized by the absent defendant” (id. at p. 461), and that “[a] defendant who absents himself must do so with full knowledge of the pendency of the criminal proceedings, as the waiver of the right to be present must be a knowing and intelligent one” (id. at pp. 460-461). I can find no evidence in the record that Fedalizo absented himself with any, let alone full, knowledge of the resentencing proceedings, that Fedalizo made a knowing and intelligent waiver of his right to be present at those proceedings, or that there was any basis for concluding with confidence that Fedalizo authorized the deputy public defender to appear for him. (Cf. People v. Rouse, supra, 245 Cal.App.4th at pp. 300, 296 [“defendant waived his right to personally appear at the resentencing hearing” by stating in his declaration accompanying his petition, “ ‘defendant hereby waives his right to be present for sentencing’ ”].)
Finally, I cannot conclude on this record that the error was harmless. Because the right to be present at sentencing is a federal constitutional right, we apply the “harmless beyond a reasonable doubt” standard in Chapman v. California (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824]. (See People v. Davis (2005) 36 Cal.4th 510, 532 [31 Cal.Rptr.3d 96, 115 P.3d 417] [“[u]nder the federal Constitution, error pertaining to a defendant’s presence is evaluated under the harmless-beyond-a-reasonable-doubt standard set forth in Chapman”]; accord, People v. Robertson (1989) 48 Cal.3d 18, 62 [255 Cal.Rptr. 631, 767 P.2d 1109]; People v. El (2002) 102 Cal.App.4th 1047, 1050 [126 Cal.Rptr.2d 88].) The statutory error under Penal Code section 977 “is state law error only, and therefore is reversible only if ‘ “it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of error” ’ ” under People v. Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243]. (People v. Davis, supra, at pp. 532-533.) Fedalizo’s original sentence was three years on one count, plus concurrent terms on several other counts. (Maj. opn., ante, p. 102.) When the court granted Fedalizo’s Proposition 47 petition, the court was able to keep Fedalizo’s sentence at three years by converting some of the concurrent sentences to consecutive sentences. Fedalizo never had an opportunity to argue for concurrent sentences, the deputy public defender did not make any argument for concurrent sentences, and the trial court did not state any reasons for imposing consecutive rather than concurrent sentences.[5] (See Cal. Rules of Court, rule 4.406(b)(5) [sentencing judge must state reasons for imposing consecutive sentences]; People v. Sanchez (1994) 23 Cal.App.4th 1680, 1684 [29 Cal.Rptr.2d 367] [trial court must state reasons for imposing consecutive *120 rather than concurrent sentences].)[6] The People’s argument that “there is no reasonable probability that the trial court would have granted [Fedalizo’s] request” for concurrent terms ignores the fact that the trial court in fact imposed concurrent terms at the original sentencing hearing. I believe Fedalizo should have had the opportunity to be present and to ask the court to sentence him to concurrent terms, as the court had before.
Appellant’s petition for review by the Supreme Court was denied July 13, 2016, S234370.

 Citing People v. Sanghera (2006) 139 Cal.App.4th 1567 [43 Cal.Rptr.3d 741] and People v. Sullivan (2007) 151 Cal.App.4th 524 [59 Cal.Rptr.3d 876], the majority states, “we cannot presume that counsel neglected to obtain defendant’s consent before proceeding as his attorney.” (Maj. opn., ante, p. 105.) Neither case supports the majority’s converse presumption: when an attorney stands in for a self-represented litigant, the court may presume the litigant has impliedly waived the right to self-representation. Sanghera was a substantial evidence case that did not involve the right to counsel or the right to self-representation. (Sanghera, supra, at p. 1573.) In Sullivan the defendant expressly waived his right to counsel and proceeded to represent himself, and then successfully argued on appeal his waiver was invalid because the trial court had failed to properly admonish him about the disadvantages of self-representation, although the court ultimately concluded the error was harmless. (Sullivan, supra, at pp. 548-553.)

 Indeed, the majority’s conclusion is based on a double implication: (1) Fedalizo can impliedly waive his right of self-representation by a statement or conduct, and (2) the only evidence of a statement or conduct by Fedalizo is an “implied representation[]” by the attorney. (Maj. opn., ante, p. 107.)

 The Supreme Court in D’Arcy also stated, albeit in dicta, that a waiver of the constitutional right of self-representation “ ‘not only must be voluntary but must be knowing, intelligent [and] done with sufficient awareness of the relevant circumstances and likely consequences.’ ” (People v. D’Arcy, supra, 48 Cal.4th at p. 284.)

 In re Helen W. (2007) 150 Cal.App.4th 71 [57 Cal.Rptr.3d 914], a dependency case, is similarly inapplicable. There was no dispute in that case that the attorney represented the mother in the juvenile court. After the juvenile court terminated her parental rights, “[t]he mother’s trial counsel signed and filed a timely notice of appeal.” (Id. at p. 77.) The court explained: “Following our administrative practice in juvenile dependency cases, this court issued an order questioning whether the mother had authorized the appeal and invited a response. A response was filed by Appellate Defenders, Inc. (ADI), the local appellate project, *118 urging us to change our practice and accept a notice of appeal in a dependency case that is signed by counsel without questioning whether the appeal was authorized by the client. As explained below, we agree and have done so.” {Ibid.) The reference to the presumption in the court’s opinion, cited by the majority, related to whether an attorney of record in the juvenile court had authority to file a notice of appeal.

 The majority states that this occurred “without objection” (maj. opn., ante, p. 103), but that was because Fedalizo was not there to make an objection.

 Although a defendant may forfeit an argument that the trial court failed to state reasons for imposing consecutive sentences by failing to raise the issue in the trial court (People v. Scott (1994) 9 Cal.4th 331, 353 [36 Cal.Rptr.2d 627, 885 P.2d 1040]), Fedalizo was not at the resentencing hearing to object, and he objected to the imposition of consecutive sentences when he learned of it after the hearing.